State, use of Young *vs.* Boulden, Sheriff, *et al.*

. (Decided 15th November, 1881.)

ROBINSON and MAGRUDER, J., dissented.

---

STATE OF MARYLAND, use of PHILIP YOUNG *vs.* WILLIAM T. BOULDEN, Sheriff, GEORGE W. CRUIKSHANK, and others.

*Practice—Construction of the Act of* 1861, *ch.* 7, *providing for Exemptions from Execution.*

Under the Act of 1861, ch. 7, providing for exemptions from execution, property only is exempt, and the debtor has a right to select such property, but no right to an equivalent in money therefor, except in the case provided for in the third section of that Act, where there is one piece or article of property not susceptible of division. The party entitled to select the property exempted, may from failure to interpose waive the privilege; which he should claim and assert

before the sale. The officer is not required to notify the debtor of the execution and levy. But the debtor must interpose, claim the exemption, and make selection, and thereupon the sheriff summons and swears the appraisers.

APPEAL from the Circuit Court for Cecil County.

This was an action brought against the appellees, Sheriff of Cecil County, and his sureties, to recover damages for an alleged refusal by the sheriff, to allow the equitable plaintiff, (now appellant,) the exemption to which he alleged he was entitled under the Act of 1861, ch. 7. The declaration averred the issuing of a writ of *fieri facias* against the goods and chattels of Philip Young, the equitable plaintiff, and the levy on, and sale of the same by the sheriff; and assigned as a first breach of the condition of the appellees' bond, that Young, the defendant in said proceeding, made known to the sheriff, while he had the money in his hands arising from said sale, that he demanded and required him to pay to him the sum of $100, parcel of the sum arising from said sale, by virtue of the Act of Assembly exempting one hundred dollars of his property from execution. The declaration assigned as a second breach, that before the time that the sheriff made the sale, and after the levy was made, the defendant gave notice to the sheriff, that one hundred dollars' worth of his property was exempt from execution and sale by him, and that he should desist from selling the same; but that the sheriff, nevertheless, proceeded to sell the defendant's property, and refused to allow him the exemption so claimed, and after the sale, refused and neglected to pay over to him the sum of one hundred dollars from the proceeds.

The defendants, (now appellees,) demurred to the first and second breaches assigned in the declaration, and also pleaded. The defendants' third plea was, that Young had due notice of the issuing of the writ of *fieri facias,* and of

the levy of the same upon his property, but that he did not before the commencement of the sale, demand to have set apart by the sheriff, as exempt from execution, any of his property. To this plea, the plaintiff replied, that the sale of the goods of Young, made by the sheriff, continued for the space of three days, and that upon the first day of said sale, Young demanded that one hundred dollars' worth of his goods should be set aside for him, and exempted from execution; and that at the time of the demand, and at the end of the first day of the sale, there remained in the sheriff's hands for further sale, a large portion of the plaintiff's goods and chattels, consisting of a great variety of separate articles, to the value of one thousand dollars, and the plaintiff averred, that the sale which was made on the second and third days as aforesaid by the sheriff, would not have been delayed by a compliance with his demand. The defendants demurred to this replication, and the Court below sustained the demurrer. The plaintiff appealed.

The cause was submitted to BARTOL, C. J., MILLER, ROBINSON, IRVING and RITCHIE, J.

*N. T. Biddle,* and *Albert Constable,* for the appellant.

*W. J. Jones, L. M. Haines,* and *R. W. Applegarth,* for the appellees.

The exemption of property under the Act of 1861, ch. 7, from sale and execution, is a personal privilege, which may be waived by the party for whose benefit it was intended, either expressly or by implication. This is the uniform construction of such statutes by the Courts of our sister States. *State vs. Melogne,* 9 *Ind.,* 196; *Gresham vs. Walker,* 10 *Ala.,* 370; *Frost vs. Shaw,* 3 *Ohio,* 270; *Bull vs. Green,* 29 *Ohio,* 667; *Twinam vs. Swart,* 4 *Lansing R.*

(*N. Y.,*) 263 ; *Seaman vs. Luce,* 23 *Barb.,* 250; *Wright vs. Degoe,* 86 *Ill.,* 490 ; *Fogg vs. Littlefield,* 68 *Me.,* 55.

The right to exemption is deemed waived by implication, unless it is demanded or claimed before the commencement of the sale under the execution. *Hammer vs. Freese,* 19 *Pa. (St.,)* 255 ; *Miller's Appeal,* 16*th Pa. (St.,)* 300 ; *Weaver's Appeal,* 18*th Pa. (St.,)* 307; *Rogers vs. Walterman,* 25 *Pa.,* 184 ; *Diehl vs. Holten,* 39 *Pa.,* 213 ; *Bair vs. Sternman,* 52 *Pa.,* 423 ; *Commonwealth vs. Boyd,* 56 *Pa.,* 402 ; *Diffenderfer vs. Fisher,* 3 *Grant,* (*Pa.,*) 30 ; *Rogers' Appeal,* 21 *Pa.,* 210 ; *Wright vs. Degoe,* 86 *Ill.,* 490 ; *Bingham vs. Maxey,* 15 *Ill.,* 290 ; *The People vs. Palmer,* 46 *Ill.,* 398; *Butt, et al. vs. Green,* 29 *Ohio (St.,)* 667; *Twinam vs. Swart,* 4 *Lansing (N. Y.,)* 263.

From these authorities and the wording of the statute itself, it is clear that the appellant is wrong in his contention, that, under our Act, the exemption is unconditional and imperative. The statutory privilege, is not an exemption itself, but is a right to obtain one in the manner provided in the Act. In order to make the selection, an assertion of the right by a demand or otherwise, would seem to be necessary ; and the right is gone by a failure on the part of the debtor, at the proper time, and in the proper manner to exercise this right.

MILLER, J. delivered the opinion of the Court.

This is a suit upon a sheriff's bond for an alleged failure of that officer, in the levy of an execution and sale of property thereunder, to allow the defendant in the execution the benefit of the exemption law of 1861, ch. 7. The questions, which are presented solely by the pleadings, involve the construction and effect of the first and second sections of that Act.

The first section declares, "that one hundred dollars worth of *property* of each defendant therein, shall be exempt from *execution* issued on any judgment in any

civil proceeding whatever, except on judgments for breach of promise to marry, or for seduction;" and the second provides, "that each defendant in any such execution may *select property*, real or personal, to the value of one hundred dollars to be ascertained by three disinterested appraisers to be summoned and sworn by the officer *at the time of levying the execution*, and the appraisement signed by the appraisers shall be returned with the writ." This law, passed in obedience to a constitutional require-ment, was intended for the benefit of unfortunate debtors and their families, and as such is entitled to a liberal con-struction. But while this is so, the Courts in construing and executing it, cannot disregard the rights of creditors nor overlook what is required to be done by the debtor himself in order to secure the privilege thus conferred. As this is the first case in which these provisions of the statute have come before the Appellate Court for con-struction we have given them a careful consideration, and in our opinion they provide :

1st. That *property* only shall be exempted, and the debtor has no right to demand an equivalent in *money* therefore. This is manifest from the language used. The exemption is of *property*, and the right to *select* the *property* to be exempted is given to each defendant in the execution. Money arising from the sale can be given to him only under the special provisions of the *third* sec-tion by which it is provided, "that if any property of any defendant, whether real or personal cannot be divided, so as to set apart a portion of it of the value of one hun-dred dollars, without loss and injury to all parties con-cerned, then the whole shall be sold, and the defendant whose property is sold shall have one hundred dollars of the proceeds in *money*, and whether the property can be divided without loss shall be determined by the appraisers ; this section only to apply to cases where a *single parcel* of land, or *single article* of personal property is levied on,

and in all such cases the officer shall not sell unless the property offered, shall bring more than one hundred dollars." This is the only case in which the debtor is entitled to receive money, and it was under this section that the case of *Bramble vs. State, use of Twilley,* 41 *Md.,* 435, arose. That case has no application to the questions now to be decided.

2nd. The exemption with the right to select the property to be exempted, is a privilege that may be waived by the party for whose benefit it was intended, and it seems to us clear that the statute contemplates some active interposition on the part of the debtor, in order to entitle him to the benefit of the exemption. It declares that the property "shall be exempt," but at the same time provides that the debtor may "*select* the *property,*" sought to be exempted. Selection is a privilege conferred upon, and an act to be performed by the debtor. There is nothing in the statute requiring the officer to *notify* the debtor of the execution and levy, and the only reasonable mode of enforcing the law seems to be this: The sheriff or other officer having the execution in his hands is bound to, and must levy, in obedience to the command of the writ. The defendant must then interpose, claim the exemption and make the selection, and it thereupon becomes the duty of the officer to summon and swear the appraisers. The precise time when this claim and selection should be made is not specified. It might be said in strictness that the terms "shall be exempt from *execution,*" require that the debtor should avail himself of the privilege *at the time of the levy,* but if this should be regarded as too narrow a construction, it is plain that there must be some period fixed at which the claim should be made, and after which it cannot be made. The debtor cannot, as we have shown, stand by and permit the sale to go on, and then claim the hundred dollars, in money out of the proceeds. It is as easy for him to make tho

State, use of Young *vs.* Boulden, Sheriff, *et al.*

demand early as late, and it is no harsh construction which requires him to claim the advantage of a statute like this at a time, and in a manner which will do the least possible injury to his honest creditors, and interpose no delay to the recovery of their just claims. We therefore hold that the claim must be asserted at least *before the sale has commenced,* and if the debtor waits until the sale has begun his right is gone. It may be true that if an officer should fraudulently take advantage of a debtor's absence, and levy and sell without giving him a possible chance to avail himself of the privilege, it would afford a good cause of action. But such fraud should be distinctly averred and proved, and there is nothing like it in this case. In thus limiting the period within which such a claim must be asserted, we have placed what we deem a just and reasonable construction upon the law, and have followed the decisions of other States upon similar statutes. Without noticing all the decisions on this subject cited in the briefs of counsel, we content ourselves with a reference to some of the Pennsylvania cases in which a statute of that State very similar to our own has been considered, and a like construction placed upon it. *Miller's Appeal,* 4 *Harris,* 300; *Weaver's Appeal,* 6 *Harris,* 307; *Hammer vs. Freese,* 7 *Harris,* 255; *Bowyer's Appeal,* 9 *Harris,* 210; *Commonwealth vs. Boyd,* 6 *P. F. Smith,* 402; *Diffenderfer vs. Fisher,* 3 *Grant's Cases,* 30.

It follows from these views that there was no error prejudicial to the equitable plaintiff upon the demurrers of which he complains, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 9th December, 1881.)