Miles and Brattan *vs.* State, use of Byrd, &c.

right or title that the husband may have taken under the deed from his wife.

*Decree affirmed, with costs.*

(Decided 22nd January, 1891.)

---

JOHN H. MILES and ROBERT F. BRATTAN, surviving obligors *vs.* THE STATE OF MARYLAND, use of THOMAS· BYRD, use of HODSON & HODSON.

*Sheriff's Sale—Exemption law—Secs. 9 and 10 of Art. 83, of the Code—Equitable defence—Sec. 83 of Art. 75 of the Code.*

At a sheriff's sale of land under an execution, the defendant B. gave notice that the land did not belong to him, but to his wife. In consequence of this notice, S., the plaintiff in the execution. was the only bidder and the property was sold to him. Subsequently, in a proceeding instituted by S., it was adjudged that the wife of B. was the owner of the property in fee, by reason of which S. never in fact paid the purchase money. In an action brought by B. on the sheriff's bond to recover $100 out of the purchase money as allowed by section 10 of Article 83 of the Code, upon demurrer to· pleas filed setting forth these facts, it was HELD :

1st. That it would be contrary to every principle of equity and fair dealing to allow the plaintiff to disclaim all title to and interest in the land sold, and at the same time to claim the benefit of the provisions of the exemption law.

2nd. That such disclaimer was properly pleaded as an equitable defence to the action, as allowed by section 83 of Article 75 of the Code.

3rd. That the claim was also contrary to the spirit and letter of the exemption law itself, (sec. 10, Art. 83,) which provides that "if any property of any defendant" cannot be divided, &c.; then ·the whole shall be sold and the defendant shall have $100 in

Miles and Brattan *vs.* State, use of Byrd, &c.

money, inasmuch as B. had not only declared at the sale that the land did not belong to him, but a Court of competent jurisdiction afterwards adjudicated his wife to be the owner of the property in fee.

4th. That the sheriff was nevertheless bound to account for the purchase money.

5th. That having the money in his hands in contemplation of law, if not in fact, it was his duty as sheriff, the sale remaining unrescinded, to distribute the net proceeds thereof to the party or parties entitled thereto—namely to the judgment creditor S., as the case stood, who happened to be the purchaser also.

The rights of a judgment debtor in regard to claiming his exemption in money, are governed by section 10 of Article 83 of the Code, when a single article of personal property, or a single parcel of land is to be sold; and length of time in making the demand will not excuse the sheriff, unless such period has elapsed as will enable him to plead limitations.

Where however the judgment debtor wishes to select property, real or personal, to the value of $100, under section 9 of the same Article, the claim must be asserted at least before the sale has commenced.

APPEAL from the Circuit Court for Somerset County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*Henry Page, Joshua W. Miles, James U. Dennis,* and *Robert F. Brattan,* for the appellants.

*Thomas S. Hodson,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action on the bond of John H. Miles, sheriff of Somerset County, by Thomas Byrd, the equitable plaintiff, to recover the sum of one hundred dol-

lars, as exempt from execution under section 10, Article 83 of the Code.

The defendant, under an execution issued at the instance of Noah C. Sterling, who had recovered a judgment against the plaintiff, sold at public sale a small piece of land for one hundred and fifty dollars, that being the only property owned by the latter. The plaintiff appeared at the sale and claimed one hundred dollars in money, as his exemption under the law, and the defendant refused to recognize his claim. There is no question in regard to the *narr.* It is in the usual form, and the defendants pleaded thereto three pleas, all of which were demurred to. The Court below sustained this demurrer, and from this ruling the defendants have appealed. The first plea sets up an equitable defence as now allowed by section 83 of Article 75 of the Code, and is as follows:

1. For defence, on equitable grounds, that at the time of the levy of the property set forth in the declaration, and afterwards, up to and at the moment when the sheriff, the said John H. Miles, offered the same at public auction, the equitable plaintiff affirmed and made known that the said property did not belong to him, but to his wife, that by reason of such representations no one would and did bid for the same, but the plaintiff in said execution, Noah C. Sterling, who became the purchaser thereof at and for the sum of $150; that afterwards Rowena Byrd, the wife of the equitable plaintiff, in a suit brought in this Court by the said Sterling, to which said suit the said plaintiff was a party, was adjudicated to be the owner of the said property in fee, by reason of which the said Sterling never in fact paid the said purchase money; wherefore these defendants say, that the said land was not the property of the equitable plaintiff, and that he is not entitled to any exemption therefrom, as the plaintiff hath alleged, and this they are ready to verify.

Miles and Brattan *vs.* State, use of Byrd, &c.

The facts set forth in the foregoing plea are, for the purposes of the demurrer, admitted to be true, and we think they constitute a full and sufficient answer to the plaintiff's claim. It would be contrary to every principle of equity and fair dealing, to allow the plaintiff to disclaim all title to and interest in the land sold, and at the same time to claim the benefit of the provisions of the exemption law. Such a claim is also contrary to the spirit and letter of the law itself, which provides that *"if any property of any defendant"* cannot be divided, &c., then the whole shall be sold, and the defendant shall have one hundred dollars in money. According to the allegations of the plea Thomas Byrd had not only declared at the sale that the land did not belong to him, but a Court of competent jurisdiction afterwards adjudicated his wife to be the owner of the said property in fee. Unless the property is his, the plaintiff is not entitled, under the statute, to any exemption; and the demurrer to the first plea should have been overruled, as well as the demurrer to the second plea, which alleges "that before the sale made by the said sheriff, the equitable plaintiff by a good and sufficient deed, duly recorded, conveyed to his wife, Rowena Byrd, all his right, title, and interest in and to the said land, wherefore the said equitable plaintiff had no property which was so taken and sold by the said sheriff, as set forth in the declaration."

Having concluded that the plaintiff has not a valid claim, it becomes unnecessary to consider the third plea, which relates altogether to the time when such a claim must be asserted, and alleges that the plaintiff did not interpose his claim before the sale. It may be said, however, that this plea is based upon an erroneous theory, for it has been held in *Bramble, et al. vs. State, use of Twilley,* 41 *Md.,* 435, that the rights of a judgment debtor in regard to claiming his exemption *in money* are governed

by section 10 of Art. 83 of the Code, when a single article of personal property, or as here, a single parcel of land, is to be sold. In that case it is said "that length of time in making the demand will not excuse the sheriff, unless such period has elapsed as will enable him to plead limitations." Where, however, the judgment debtor wishes *to select property*, real or personal, to the value of one hundred dollars, under section 9 of the same Article, "the claim must be asserted at least before the sale has commenced." *State, use of Young vs. Boulden, Sheriff*, 57 *Md.*, 320.

It does not follow that, because the plaintiff is estopped and cannot recover under the pleadings in this case, the defendant will not be required to account for the purchase money. On the contrary, having the money in his hands in contemplation of law, if not in fact, it is the duty of the defendant, as sheriff, the sale remaining unrescinded, to distribute the net proceeds thereof to the party or parties entitled thereto,—namely, to the judgment creditor, Noah C. Sterling, as the case now stands, who happens to be the purchaser also.

It follows that there was error in sustaining the demurrer to the first and second pleas, and the judgment below must be reversed.

*Judgment reversed, and*
*cause remanded.*

(Decided 22nd January, 1891.)