WM. A. FOWLER ET AL. *vs.* STATE USE OF JOHN B.
GRAY, ADMINISTRATOR.

*Action on Sheriff's Bond—Evidence—Exemption From Execution—
When Party Entitled to Amount of Exemption From Proceeds of
Sale—Authority of Attorney At Law.*

In an action on a sheriff's bond to recover the amount of the exemption
allowed to a party at an execution sale of his property, the plea alleged
that the defendant—"sheriff did perform all the conditions in his bond
required by him to be performed."    The trial Court refused to grant
a prayer that "there is no evidence in this case legally sufficient to en-

title the plaintiff to recover." *Held*, that the judgment will not be reversed upon the sole ground that the record does not set out in detail the evidence to show that the defendant was sheriff or that the sale was made by his authority, especially when the advertisement of the sale, which is in the record and uncontradicted, professes to be signed by the defendant as sheriff.

When it is shown that an attorney at law appears at a sale being made by a sheriff and gives him notice of the claim of the exemption allowed to the defendant by law, then if the authority of the attorney to act for that defendant is to be questioned so as to be passed upon by this Court, it must be done by some more direct way than by a general prayer that the plaintiff's evidence is not legally sufficient to entitle him to recover in an action on the sheriff's bond for failure to accord the exemption.

Code, Art. 83, secs. 8–10, provides that $100 in property of every defend_ant shall be exempt from execution, the property to be appraised at the time of levying the execution, and if the property cannot be divided so as to set apart a portion of it of the value of $100, then the whole shall be sold and the defendant shall have-$100 of the proceeds in money ; this section only to apply to cases where a single parcel of land or single article of personal property is levied on. In this case an execution was levied on defendant's equity of redemption in two tracts of land, both subject to mortgages. Before the sale he notified the sheriff that he claimed the exemption. No appraisers were summoned. *Held*, that the defendant was entitled to $100 of the proceeds of sale and the sheriff's bond is liable therefor.

Appeal from the Circuit Court for Calvert County (Bris-coe, C. J.)

The cause was argued before McSherry, C. J., Fowler, Page, Boyd and Schmucker JJ.

*Adrian Posey* and *J. Briscoe Bunting*, for the appellants, submitted the cause on their brief.

*John B. Gray*, for the appellee.

Boyd, J., delivered the opinion of the Court.

This is a suit upon a sheriff's bond to recover the amount of the exemption allowed a defendant under the provisions of the statute, now embraced in secs. 8, etc., of Art. 83 of the Code. A demurrer to the declaration was interposed, but as that was expressly abandoned by the appellants it need not be

considered by us.    The only exception now urged before us
is to the ruling of the Court below in refusing to grant a
prayer "That there is no evidence in this case legally suffi-
cient to entitle the plaintiff to recover."

The appellants contend that it should have been granted for
several reasons, which we will consider in the order they are
named in their brief.

I. It is said there is no legally sufficient evidence that the
defendant, Fowler, was sheriff when the sale was made, or
that it was under his direction or authority.    But the record
shows than an auctioneer sold the property under an adver-
tisement set out in full, which, after stating that the property
was seized and taken in execution by the sheriff, by virtue of
two writs of *fieri facias*, issued out of the Circuit Court for
Calvert County, names the time, place and terms of sale, and
is signed "William A. Fowler, Sheriff of Calvert County,"
and Mr. Long, who testified that he was a deputy sheriff of
Calvert County, was present representing the sheriff.    While
the record is not as full as it might have been, it is ample to
show that Mr. Fowler was then sheriff and Mr. Long his
deputy.    Although a prayer of this general character has
been sustained in this Court in several cases, it would lead to
a miscarriage of justice to reverse a judgment on this first
ground, when the record discloses as much as this does tend-
ing to show that what is now claimed not to have been proven
was not questioned in the lower Court.    If there could be any
doubt upon the subject, the only plea filed by the defendants
would remove it.    That is, "that the said William A. Fowler,
sheriff, did perform all the conditions in his bond aforesaid re-
quired by him to be performed."    Issue was joined on that
plea and the case tried before the Court.    No question was
raised as to its sufficiency as there might have been by the
plaintiff as the declaration assigns breaches, but inasmuch as
it in terms describes William A. Fowler *as sheriff* and refers to
"*his bond aforesaid*," which bond is the one alleged in the dec-
laration to have been given by Fowler, as sheriff, with the
United States Fidelity and Guaranty Company as surety, it

would be giving this prayer more potency than would be safe or just, to sustain this contention of the appellants, when they had in effect admitted by their plea what they now say there is no sufficient evidence of. It is true the prayer does not refer to the pleadings, but when defendants admit a fact by their plea which relieves the plaintiff from the necessity of proving it, it would scarcely be claimed that this Court should reverse a judgment under a prayer of this kind, because the record does not set out in detail evidence to establish such fact.

What we have already said will relieve us of further reference to the point that there is no evidence legally sufficient to prove the existence of the suit, the execution issued and the levy and sale made of the property thereunder, as set forth in the declaration, especially as the record admits a levy and sale under an execution issued on one of the judgments referred to in the proceedings, and the bill of exceptions calls for them to be inserted, but they are omitted.

2. The sale was of the equity of redemption of John G. Roberts in two tracts of land—one of which sold for $100 and the other for $10. *Before the sale*, Mr. Gray notified the deputy sheriff making the sale that he claimed the exemption of one hundred dollars. The appellants contend that the record does not show that he had any authority to represent Mr. Roberts in that demand, but here again we have an extremely technical objection, and we cannot sanction the practice that would permit a judgment to be reversed for such reason, under a prayer as general as this. The Court below knew as this Court does, that Mr. Gray was and is an attorney at law, a member of the bar of this Court, and as such having the right to practice throughout the State. If any question was to be raised about his authority to act, which the appellants desired us to review, the record should at least show that it was in some way brought to the attention of the lower Court. It is not our province to either make or search for pitfalls into which a party to a cause may fall, and when it is shown that an attorney at law appears at a sale being made by a sheriff and gives him notice of the claim of the exemption allowed a de-

fendant by law, if his authority to act for that defendant is to be questioned so as to be passed on by this Court, it must be by some more direct way than by a prayer of this character. The deputy sheriff who made the sale testified but did not intimate that he had any question about Mr. Gray's authority or whom he was acting for.

3. This brings us to the consideration of the principal question in the case. It must be admitted that there are some expressions in the decisions of this Court, construing our statute which allows an exemption from execution, which are apparently conflicting, although when the facts of each case are carefully considered, those expressions can, for the most part, be easily reconciled. In *Bramble* v. *State, use of Twilley,* 41 Md. 435, the property sold was a farm which was treated as a single parcel of land, and by the express terms of sec. 3, of ch. 7, of the Acts of 1861 (now sec. 10 of Art. 83 of the Code), the judgment debtor was entitled to one hundred dollars *in money,* out of the proceeds of sale. It was therefore held that it was no defense for the sheriff to say when sued for it "that the party failed to make any claim or demand for it until a long time after it had been distributed and applied by him to some other purpose or claimant. When money comes into his hands as sheriff, it is his duty to distribute and apply it to the parties entitled, and length of time in making a demand for it will not excuse him," unless such time elapses as makes the Statute of Limitations applicable. The question of waiver was not directly passed upon (further than to say that the facts stated in a plea which was demurred to might be some evidence of it), but the facts were relied on as an *estoppel in pais,* which this Court said was not sustained. The case of *State, use of Young,* v. *Boulden,* 57 Md. 314, then arose. There goods and chattels were sold under a writ of *fieri facias,* and the provisions of the statute were construed to mean 1st, "That *property* only shall be exempted, and the debtor has no right to demand an equivalent *in money* therefor   *   *   * The exemption is of *property* and the right to *select* the *property* to be exempted is given to each defendant in the execu-

tion." The Court went on to say that "money arising from
the sale can be given to him only under the special provisions
of the *third* (now 10th) section," which is quoted, and on that
point the opinion concluded by saying that "this is the only
case in which the debtor is entitled to receive money, and it
was under this section that the case of *Bramble* v. *State, use of
Twilley,* 41 Md. 435, arose." It was then determined "2nd,
The exemption with the right to select the property to be ex-
empted is a privilege that may be waived by the party for
whose benefit it was intended, and it seems to us clear that
the statute contemplates some active interposition on the part
of the debtor, in order to entitle him to the benefit of the ex-
emption   *   *   *   The defendant must then interpose,
claim the exemption and make the selection, and it thereupon
becomes the duty of the officer to summon and swear the
apppaisers." After discussing the question as to when the
defendant must interpose, the Court announced as its conclu-
sion "We therefore hold that the claim must be asserted at
least *before the sale has commenced,* and if the debtor waits
until the sale has begun, his right is gone."

Then the case of *Muhr's Sons* v. *Pinover,* 67 Md. 480, was
decided. It involved the right of a party who had made an
assignment for the benefit of his creditors to claim the exemp-
tion. That right was sustained, when the grantor reserves it
in his deed, although the statute does not in terms provide for
an exemption in such cases. The Court quoted the provision
in the Constitution which directed the Legislature to pass laws
protecting from execution a reasonable amount of property of
the debtor, not exceeding five hundred dollars, and added
"The object of the law was to prevent a debtor from being
stripped of all his property, and it ought to be liberally con-
strued," and again, "Construing the Act of 1861, in connec-
tion with the provision in the Constitution, it is clear, we
think, the Legislature meant to exempt, under all circum-
stances, the property of the debtor of the value of one hun-
dred dollars from the claims and demands of his creditors."
The Court then went on to say that the latter part of section

3 (10 of Art. 83 of the Code), "does not mean that the debtor's right to claim one hundred dollars out of the proceeds of sale made by the officer, shall be confined to cases in which the officer has levied on a *single parcel of land* or a *single article of personal property.* Such a construction would practically defeat the object of the law, but it is to be construed as meaning that when he has levied on a single piece of property, being all the property of the debtor, the officer shall not sell the same unless it shall bring more than one hundred dollars." This language would seem to be in conflict with the expression used in *Boulden's case,* where it was said in speaking of the third section of the Act "This is the only case in which a debtor is entitled to receive money," but JUDGE ROBINSON, who delivered the opinion in 67 Md. sat in *Boulden's case,* and JUDGE MILLER, who delivered the opinion in the latter, sat in 67th Maryland, and it was said by JUDGE ROBINSON that "The case of *State, use of Young,* v. *Boulden,* 57 Md. 314, is not in conflict with this view. There the Court held that the right of exemption was one which the debtor could waive and one which he must claim before the property is sold." It is evident that those careful Judges were using language applicable to the facts in the respective cases before them and they did not intend any conflict by what they said. It is sufficient for our purpose to say that it has now been settled that there may be cases other than those arising under the third section of the Act of 1861 (10th sec. of Art. 83), in which the debtor may be entitled to receive *money,* as it is not only so determined in 67th Maryland, but in *Darby* v. *Rouse,* 75 Md. 26, a mortgagor was allowed the exemption against judgment creditors out of the surplus proceeds of sale, under a foreclosure of the mortgage. JUDGE MILLER was undoubtedly right in saying that the statute contemplates an exemption of *property* and the only provision expressly made in the statute for the payment of *money* is the latter part of the section referred to by him, but that there may be circumstances which authorize the payment of money to the debtor can no longer be questioned.

It was said in *Darby* v. *Rouse*, that "Under execution the equity of redemption could have been sold, and had it been, the proceeds would have been subject to an allowance for exemption; and therefore it is but right to allow the exemption from this balance after paying off the mortgage debt." In the case now under consideration the debtor only had an equity of redemption in the property sold. The bill of exception shows that the two tracts were subject to mortgages described in the declaration, and, although the prayer does not refer to the pleadings, this reference in the bill of exceptions authorizes us to refer to the declaration to see what those mortgages were, and we find that there were three of them on these two tracts—two of them being for a thousand dollars each and the other for eleven hundred dollars. If the judgment debtor had selected either of the two tracts, as his exemption, it would doubtless have been impossible for appraisers to have fixed with accuracy the value of his equity of redemption in either tract, as it would necessarily depend upon what that and the other tract might bring, if the mortgages were foreclosed. An appraisement therefore would in all probability have been a useless proceeding, so far as giving any definite information about the value of the tract, but whether that be so or not, there is nothing to show that the deputy sheriff did summon appraisers, although he was notified of the claim of the exemption before the sale. We can see no reason, under the circumstances, why the debtor was not entitled to have his exemption in money and we are of the opinion that a *prima facie* case was made out by the plaintiff. If the defendants had any defense they should have presented it and not relied on the prayer offered. The sheriff ought to have had the question of the right of the judgment debtor to the exemption determined before paying over the money, if he wanted to protect himself and his surety. Without deeming it necessary to refer to other questions suggested, the judgment will be affirmed.

> *Judgment affirmed, the appellants to pay the costs.*

(Decided June 8th, 1904.)