ESTHER V. LAWRENCE ᴇᴛ ᴀʟ. *v.* COMMERCIAL
BANKING CORPORATION.

[No. 11, October Term, 1933.]

*Decided November 17th, 1933.*

The cause was submitted on briefs to Bond, C. J., Patti-
son, Urner, Adkins, Offutt, Digges, Parke, and Sloan,
JJ.

*James O. Scrimger,* for the appellants.

*Herbert L. Grymes,* for the appellee.

Pattison, J., delivered the opinion of the Court.

An attachment was issued on the 27th day of June, 1932,
upon a confessed judgment for the sum of $303.03, with
interest from the 24th day of June, 1932, and costs. The
judgment was entered in favor of the Commercial Banking
Corporation, the appellee, against Esther V. Lawrence, a
young unmarried woman, one of the appellants, and was laid
in the hands of the Great Atlantic & Pacific Tea Company,
the other appellant, as garnishee.

The garnishee confessed that, at the time of laying the attachment, there was justly due and owing by it to Esther V. Lawrence the sum of twenty-seven dollars, "the installment of wages now due and owing under the terms of a parol contract of employment."

A motion to quash the attachment was filed, the ground therefor being that the fund or money owing by the Great Atlantic & Pacific Tea Company to Esther V. Lawrence was payable to her on account of salary or wages, and that the amount so owing was less than the sum of one hundred dollars. The granting of this motion, was opposed by the appellee, the Commercial Banking Corporation, because of the fact that Esther V. Lawrence, the judgment debtor, had "waived her right to all exemptions under the laws of the State of Maryland" by the note upon which the judgment was confessed and entered. The motion to quash the attachment was overruled and a judgment of condemnation was entered for the sum of twenty-seven dollars, the amount confessed by the garnishee to be in its hands belonging to the defendant, Esther V. Lawrence. It is from that judgment that the appeal in this case is taken.

Article 9, section 33, of the Code of Public General Laws of this state provides that: "No attachments of the wages or hire of any laborer or employee, in the hands of the employer, whether private individuals or bodies corporate, shall affect any salary or wages of the debtor which are not actually due at the date of the attachment; and the sum of one hundred dollars, of such wages or hire due to any laborer or employee by any employer or corporation shall always be exempt from attachment by any process whatever."

It does not appear from the record or the briefs that any contention is made as to the salary or wages of the debtor not being actually due at the date of the attachment. The fact that it was due at such time seems to be conceded. This being so, the only question presented is what effect did the waiver of the defendant expressed in the note upon which the judgment was obtained have upon the statute providing that one hundred dollars of the wages or hire are to be exempt

from attachment. It is contended by the appellee that the exemption found in the statute was for the benefit alone of employees, and that it was within the power of Esther V. Lawrence to waive that exemption by the waiver in the note upon which the judgment was entered, and that, she having such power, her wages were attachable, notwithstanding the existence of the statute.

Whether the exemption under the above-quoted statute may be effectively waived has never been before this court, but it is well established by the decisions of this state that the exemptions created by the general exemption statute (article 83, section 8, of the Code) may be waived. *State, use of Young, v. Boulden,* 57 Md. 317; *Muhr v. Pinover,* 67 Md. 489, 10 A. 289; *Fowler v. Gray,* 99 Md. 598, 58 A. 444. The last-cited statute provides: "One hundred dollars in property, whether * * * of money, land or goods, of every defendant, * * * shall be exempt from execution or seizure in satisfaction of debt or claim upon any judgment in any civil proceedings," etc. The language of that statute is very similar to the language of the statute under consideration, applicable to this case, where it is said: "The sum of one hundred dollars of such wages or hire due to any laborer or employee by any employer or corporation shall always be exempt from attachment by any process whatever."

From the language alone used in these statutes, the conclusion cannot, we think, be properly reached that in one the exemption may be waived while in the other it cannot be waived. The exemption to which the defendant is entitled is as positively stated in one as the other, with no prohibition against waiving that exemption in either, and if the statutes are to be differentiated in respect to the defendant's right to waive his exemption, it would seem that it must be upon some reason other than the difference in the language used in the statutes, and in our opinion no sufficient reason therefor has been suggested to us.

It is well settled in this state that wages or salaries of public officers or agents are not attachable. This results from the immunity of the government from suit as well as from prin-

ciples of public policy. Officers exercising delegated political powers for public purposes, "from considerations of public convenience * * * should not be exposed to the necessity of responding constantly to such proceedings in court, nor should" they "be delayed and embarrassed by the seizure of their compensation, the regular and prompt receipt of which may be indispensable to the proper and efficient performance of their public duties." 2 *Poe, Pl. & Pr.,* sec. 699, p. 648. See *Mayor and City Council of Baltimore v. Root,* 8 Md. 100. But this is not the rule of law in respect to employees engaged in private pursuits.

Article 9, section 36, of the Code of 1860, in which are embodied the Acts of 1852, chapter 340, and 1854, chapter 23, is very similar to the above-quoted section 33 of article 9 of the Code of 1924, the only difference therein being that the exemption of ten dollars in the earlier provision is raised to one hundred dollars by the later provision of the Code.

It is shown from these and earlier statutes that the right of a judgment creditor to attach the wages or salary of a private employee subject to the restrictions contained in them is now, and has been for many years, recognized in this state. The restrictions imposed in such cases are no doubt in the interest and for the benefit of employees. *First National Bank v. Weckler,* 52 Md. 30; 2 *Poe, Pl. & Pr., supra.*

It is true that the effect of these legislative restrictions upon the right to attach wages and salaries affords relief to employers from the annoyance and inconvenience of having attachments on small debts and magistrates' judgments laid in their hands, as suggested by Judge Miller in *First National Bank v. Weckler, supra.* But the primary object of such legislation was to benefit laborers or employees. The effect of the statute upon the employer was the incidental result of the effort to benefit the laborer or employee. The statute was not, we think, intended to have the effect of preventing the laborer or employee from waiving the advantages accruing to him thereunder. It is true that in some instances an attachment of an employee's wages works a great hardship, not upon him alone, but upon his family as well, who are de-

pendent upon his wages or salary for maintenance and support. And in some states the exemption statute has been regarded as passed for the benefit of both the debt or and of his family, and it has accordingly been held that the benefit of the statute could not be waived. But this is not the law of this state. In *First National Bank v. Weckler, supra,* Judge Miller, speaking for the court, said, in discussing the statutes of this state: "Without doubt, this legislation was in the interest and for the benefit of laborers and other employees." Nothing was said as to the employee's family being associated with him as beneficiaries under the act, nor was the rule mentioned adopted therein.

As we discover no errors committed by the court, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*

DIGGES and PARKE, JJ., dissent.