**In re Richard Keith BERNSTEIN, Debtor.**

Bankruptcy No. 7–94–01426–RKR–7.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

April 7, 1995.

Gary M. Bowman, Roanoke, Virginia, for debtor.

A. Carter Magee, Jr., Trustee, Roanoke, Virginia.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court for decision arises out of the trustee's objection to the claim of exemptions by the debtor. The issue is whether the debtor made a timely filing of his homestead deed, thereby perfecting his claim of exemption. For the reasons stated in this decision and order the trustee's objection to the debtor's claim of exemptions will be sustained.

### *FACTS*

The facts in this case are not in dispute. The debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on June 23, 1994. The meeting of creditors in the case pursuant to 11 U.S.C. § 341 was held on July 21, 1994. As of the date of the section 341 meeting, the debtor had not made a proper claim of his homestead exemption by filing a homestead deed in the appropriate jurisdiction provided for in the Code of Virginia. On July 28, 1994, seven (7) days after the conclusion of the section 341 meeting, the debtor filed his homestead deed in the office of the Clerk of the Circuit Court of Botetourt County. On August 16, 1994, the trustee in bankruptcy filed his objection to the debtor's claim of exemption asserting that the homestead deed was not filed on or before the fifth day after the date initially set for the section 341 meeting as required by Va.Code Ann. § 34–17 (Michie 1950).

No evidence was required in this matter and the parties have submitted their written authority.

114

## Law and Discussion

■ Section 34–17 of the Virginia Code states, in relevant part:

> To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy ... shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter.

Under Virginia Code § 1–13.3 and § 1–13.3:1, intermediate Saturdays, Sundays, and legal holidays are not excluded from the computation of time required for doing an act under the Virginia Code unless they occur on the last day of the relevant period. Va.Code Ann. §§ 1–13.3 and 1–13.3:1 (Michie 1950).

Federal Rule of Bankruptcy Procedure 9006(a) states, in relevant part:

> (a) Computation. In computing any period of time prescribed or allowed ... **by any applicable statute,** the day of the act, event, or default from which the designated period of time begins to run shall not be included.... When the period of time prescribed or allowed is less than eight (8) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. (emphasis added)

All parties acknowledge that Virginia opted out of the federal statutory exemption scheme of 11 U.S.C. § 522(b)(1) and opted for the state statutory exemption scheme provided for in 11 U.S.C. § 522(b)(2). *See,* Va.Code Ann. § 34–3.1 (Michie 1950). The trustee asserts that because Virginia opted out of the federal statutory exemption scheme and adopted a statutory exemption scheme which requires the debtor to comply with state law, the debtor must comply with both the time frame for claiming the exemption and the time computation rules set forth in the Virginia Code.

The debtor, while acknowledging that section 34–17 of the Code of Virginia controls the right of the debtor to claim an exemption in his property, takes the position that the rules for calculating the time frame for compliance with section 34–17 are determined by Bankruptcy Rule 9006(a). Utilization of this bankruptcy rule would expand the time set forth in the Code of Virginia for claiming homestead exemptions by excluding Saturdays and Sundays from the computation of time. Should this position prevail, the trustee's objection to the claimed exemption would have no merit. Va.Code Ann. § 34–17 (Michie 1950).

The trustee relies on case law in the Fourth Circuit which stands for the proposition that for property to be claimed exempt under the Code of Virginia, it must be claimed as exempt in the manner prescribed by Virginia law. In particular, *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir.1982), holds that if the debtor fails to comply with the Virginia homestead exemption statute he is precluded from claiming that exemption for bankruptcy purposes. In *Morgan,* a Virginia resident recorded his homestead deed in the wrong jurisdiction. The debtor claimed that his failure to file his homestead deed in the proper jurisdiction under Virginia law was not fatal to his claimed exemption. Instead, the debtor in *Morgan* asserted that 11 U.S.C. § 522(*l*) of the Code only required that he file a list of property he claimed as exempt with his bankruptcy schedules in order to claim exemptions. Thus, in *Morgan* the debtor was taking the position that a federal statute, 11 U.S.C. § 522(*l*), superseded any requirements of section 34–17 of the Code of Virginia as to the proper place for filing a homestead deed. The Fourth Circuit held "[t]he section 522(*l*) filing is not a substitute for compliance with state or local law." *Morgan* at 472. The *Morgan* court denied the debtor his claim of homestead exemption by stating "we conclude that Morgan's failure to comply with the Virginia homestead exemption statute precludes him from claiming that exemption for bankruptcy purposes." *Id.*

In the case at bar, the debtor argues that section 34–17 is an "applicable statute" encompassed by Bankruptcy Rule 9006(a), thereby excluding this case from the *Morgan* holding. Bankruptcy Rule 9006(a) does not define the term "by any applicable statute." However, *Collier on Bankruptcy* states:

> In determining what statutes are 'applicable' and hence to be construed in light of Rule 9006(a), it is necessary to consider the scope of the rules themselves. Rule

 

1001 provides that the Bankruptcy Rules 'govern procedure in United States Bankruptcy Courts.' It follows, then, that Rule 9006(a) does not provide a general rule of statutory construction which the courts are bound to apply to all time periods mentioned in any statute that may come before the court, nor does the rule apply to time periods mentioned in other documents, such as contracts.

9 *King, Collier on Bankruptcy*, 9006-14 (15th Ed.1995).

█ Rule 9006(a) is a procedural rule that governs the computation of time for doing some act in the course of a bankruptcy proceeding. The filing of a homestead deed is not a proceeding in a bankruptcy case. The debtor does not have to initiate any action in the bankruptcy court in order to claim his homestead exemption under Virginia law.[1] Since no proceeding in a bankruptcy case is required, Bankruptcy Rule 9006(a) is not applicable in computing the time frames under which a debtor must claim his exemption under section 34-17.

█ There is no indication that Congress intended to have federal law, or rules promulgated thereunder, govern the timing for a proper claim of state exemptions. Congress intended to provide the states with flexibility on the exemption issue by permitting them to opt out of the federal exemption scheme set up by the Bankruptcy Reform Act. Once a state opts out, federal law and procedure do not govern. *Morgan* stands for the proposition that state law governs how exemptions are to be claimed. This includes when the filing is to occur and the computation of applicable time periods for filing under the Virginia law. In the case at bar, the debtor had five days after the conclusion of the section 341 meeting to claim his homestead exemption. Computation of the time period for the claim of that exemption is governed by Code of Virginia § 1-13.3 and § 1-13.3:1. Under those Code sections, Saturdays and Sundays are not excluded in the computation of time. As a result, the debtor in the case at bar was late in filing his claim of homestead exemption and his claim of exemption will be denied.

For the reasons stated in this decision and order, it is

### ORDERED:

That the trustee's objection to the debtor's claim of exemption be, and it hereby is, SUSTAINED.

---

1. In fact, under Virginia Code section 34-17 a debtor, who qualifies as a "householder" under Virginia law, may file a homestead deed well in advance of the filing of bankruptcy.