**In re William J. GORDON, Debtor.**

**Bankruptcy No. 95–1–5008–PM.**

United States Bankruptcy Court,
D. Maryland,
Greenbelt Division.

July 10, 1996.

Kenneth Rosenau, Washington, DC, for Lindsay Gordon, Objecting Party.

Terence Garvey, Gaithersburg, MD, for William J. Gordon, Debtor.

Thomas Lackey, Standing Chapter 13 Trustee, Bowie, MD.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is the "Objection to Claim of Statutory Exemption" filed by Lindsay Gordon ("Lindsay"), a judgment creditor in the above referenced matter. By the enactment of Md.Code Ann., Cts. & Jud.Proc. § 11–504(g) (1995), Maryland opted out of the federal exemption scheme pursuant to 11 U.S.C. § 522(b)(1). This case involves the application of Md.Code Ann.Cts. & Jud.Proc. § 11–504(b)(5) (1995). At the direction of the court, the parties submitted post-hearing memoranda of law in support. For the reasons set out below, the court will sustain Lindsay's objection and disallow the debtor's claim for exemption under § 11–504(b)(5).

## I. BACKGROUND

The relevant facts are undisputed. On June 16, 1996, to execute on her state court judgment, Lindsay caused the Sheriff of Montgomery County to attach the debtor's condominium located at 10201 Grosvenor Place, Rockville, Maryland (the "Property"). Debtor filed this case under Chapter 13 of the Bankruptcy Code on August 17, 1995, sixty-two days after the attachment. In addition to other exemptions claimed, debtor claimed an exemption in the Property pursuant to § 11–504(b)(5). It is conceded that the debtor did not elect to exempt the Property within 30 days of the attachment as required by that subsection. The debtor seeks to recoup the exempted funds from the proceeds of any sale of the Property.

The debtor claims a total exemption amount of $3,666.93 from the condominium sale proceeds. In support of this amount, the debtor asserted a combination of two exemptions found at §§ 11–504(b)(5) and 11–504(f) of the Courts and Judicial Proceedings Article of the Maryland Annotated Code. Lindsay does not take exception to the debtor's entitlement to the exemption in the amount of $2,500.00 provided under § 11–504(f). The dispute lies only as to the debtor's claim for $1,166.93 made pursuant to the exemption provided by § 11–504(b)(5).

## II. DISCUSSION

■ The issue before the court is whether the filing of a bankruptcy petition revives the debtor's right to claim a state law exemption where such debtor has failed to comply with the requirements provided by the state stat-

ute, and therefore has waived any right to claim such exemption prior to the filing. Specifically, this court must decide whether the debtor is entitled to claim as exempt $1,166.23 pursuant to § 11–504(b)(5) where he failed to elect the exemption within 30 days of the attachment or levy. Lindsay relies on the plain language of the subsection, contending that the debtor's failure to make a timely pre-bankruptcy claim of exemption under this subsection renders this exemption unavailable in bankruptcy. Lindsay argues that the debtor waived his right to the exemption by failing to make his election within 30 days of the attachment. Debtor contends that the point for determination of a debtor's right to exemptions is the date the bankruptcy petition is filed so that a prepetition failure to claim a state law exemption is not significant once the debtor files for bankruptcy. The debtor also suggests, as an alternative theory, that § 11–504(b)(5) must be liberally construed so as to permit the election as long as it is made prior to the commencement of the Sheriff's sale.

In bankruptcy, a debtor's ability to claim exemptions is governed by 11 U.S.C. § 522(b). That section provides, in pertinent part:

### § 522. Exemptions

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this subsection, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place.

11 U.S.C. § 522(b).

 Maryland is one of the majority of states that has enacted an "opt-out" statute prohibiting bankruptcy petitioners from claiming exemptions enumerated in § 522(d). Md.Code Ann., Cts. & Jud.Proc. § 11–504(g) (1995); R. Aaron, *Bankruptcy Law Fundamentals*, § 7.01[1] (1992). Thus, in Maryland, as in other "opt-out" states, the exemptions available to a debtor in bankruptcy are limited to those allowed under Maryland law as well as non-section 522(d) exemptions allowable under federal law. *See In re Lamb*, 179 B.R. 419, 424–25 (BC N.J.1994); L. King, 3 *Collier on Bankruptcy*, ¶ 522.02 (15th ed. 1996).

Section 11–504 of the Court and Judicial Proceedings Article of the Maryland Annotated Code specifies the exemptions available to Maryland debtors. The instant matter involves only the exemption covered by § 11–504(b)(5). That section states:

(5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

Md.Code Ann., Cts. & Jud.Proc. § 11–504(b)(5) (1995). The debtor did not make the necessary election within the 30–day time period prescribed by the statute. Thus, the court must address whether the filing of a

bankruptcy petition revives a debtor's entitlement to that exemption.

■ Courts addressing this issue have concluded that a debtor must have a valid state law exemption before such exemption can be asserted in bankruptcy. *See White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *Zimmerman v. Morgan,* 689 F.2d 471 (CA4 1982); *In re Bernstein,* 189 B.R. 113, 115 (BC W.D.Va.1995). Thus, in instances where a debtor waives a right to claim a certain exemption, either through a failure to comply with statutory requirements or otherwise, that exemption is not revived by the filing of a bankruptcy petition. *Zimmerman v. Morgan,* 689 F.2d 471, 472 (CA4 1982). In *Zimmerman,* the Court of Appeals for the Fourth Circuit found that the debtor's failure to comply with Virginia law governing the homestead exemption precluded the debtor from claiming that exemption in the subsequently filed bankruptcy. *Id.* at 472. In making that determination, the court stated:

> Morgan's position is contrary to the clear language of the Act. A debtor such as Morgan is entitled to exempt for bankruptcy purposes "any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(2)(A). For property to be exempt under state or local law, it must be claimed as exempt in the manner prescribed by those laws. Thus, the exemption conferred by the above-quoted language presupposes compliance with the pertinent state and local laws.

*Id.; see also Rhodes v. Stewart,* 705 F.2d 159, 164 (CA6 1983), *cert. denied,* 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983) (citing *Zimmerman* for the proposition that debtors in those states exercising the option to opt-out of the § 522(d) exemptions are restricted to the state exemptions listed in that state's statutes and must comply with the requirements imposed by those exemptions). There is authority to the contrary. *See In re Smith,* 119 B.R. 757, 761 (BC E.D.Cal.1990) ("*Zimmerman v. Morgan....* simply ignores the adjective 'any' before the word 'waiver' in § 522(f)"). This court, however, is bound by the holding of *Zimmerman.* If the *Zimmerman* precedent did not

exist, this court would reach the same result, because the contemplated waiver of exemption that is overridden by 11 U.S.C. § 522(e)—

**§ 522. Exemptions.**

(e) A waiver of an exemption executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section. A waiver by the debtor of a power under subsection (f) or (h) of this section to avoid a transfer, under subsection (g) or (i) of this section to exempt property, or under subsection (i) of this section to recover property or to preserve a transfer, is unenforceable in a case under this title.

is one extracted from debtors, as opposed to the waiver effected by a debtor's inaction. *See generally,* D.G. Epstein, S.H. Nickles & J.J. White, *Bankruptcy* § 8–9 (1992). Section 522(f)(1) is an empowerment of § 522(e) and does not enlarge the scope of relief granted.

In *Norton v. Brokerage Oil Co. (In re Norton),* 30 B.R. 712 (BC E.D.Tenn.1983), the bankruptcy court held that the debtor forfeited his right to certain exemptions as a result of his failure to "comply with the state mechanisms for claiming those exemptions." *Id.* at 715. *Norton* is similar to this case because, as here, the applicable state statute required the debtors to take affirmative action within a certain time frame in order to preserve the exemption. The *Norton* court noted that Tennessee law required that debtors file an "Affidavit of Exemptions" prior to the issuance of the execution. As Norton failed to comply with the state law requirement, his exemption was deemed waived. *Id.* Maryland law is in accord with this proposition. *Lawrence v. Commercial Banking Corp.,* 165 Md. 559, 169 A. 69, 70 (1933).

■ Debtor suggests that this subsection should be liberally construed so as to require only that the debtor claim the exemption before the commencement of the actual sale by the Sheriff as opposed to 30 days after the attachment or levy. In support of this contention, the debtor relies on *State to Use of*

*Young v. Boulden ("Young v. Boulden"),* 57 Md. 314 (1881), that held that a claim for an exemption in property need only be asserted before the commencement of the Sheriff's sale. *Id.* at 320; *see also Fowler v. State ex rel. Gray,* 99 Md. 594, 58 A. 444 (1904); *Miles v. State ex rel. Byrd,* 73 Md. 398, 21 A. 51 (1891).

This court finds that the holding in *Young v. Boulden* imposes no such mandate for a liberal construction of the time frame within which exemptions must be claimed. In *Young,* the Court of Appeals was interpreting Chapter 7 of the Act passed May 8, 1861, that permitted a debtor to exempt $100.00 worth of property from that which was subject to attachment by a judgment creditor. Because the statute failed to reference a specific time period for which the exemption could be claimed, the Court of Appeals was forced to ascertain the intent of the legislature with respect to that issue. The Court of Appeals stated:

> The exemption with the right to select the property to be exempted, is a privilege that may be waived by the party for whose benefit it was intended, and it seems to us clear that the statute contemplates some active interposition on the part of the debtor, in order to entitle him to the benefit of the exemption. . . . Selection is a privilege conferred upon, and an act to be performed by the debtor. . . . The debtor cannot, as we have shown, stand by and permit the sale to go on, and then claim the hundred dollars, in money out of the proceeds. It is easy for him to make the demand early as late, and it is no harsh construction which requires him to claim the advantage of a statute like this at a time, and in a manner which will do the least possible injury to his honest creditors, and interpose no delay to the recovery of their just claims.

*Young v. Boulden,* 57 Md. 314, 319–20 (1881). The Court of Appeals held that the Legislature intended that there be some definite period within which the claim of exemption had to be made. Thus, the failure to abide by that time limitation was fatal to the debtor's ability to claim the exemption.

Over the years, Maryland's exemption laws have undergone significant changes. In particular, the Legislature has created some exemptions that are susceptible of waiver and some that are not. *Lawrence v. Commercial Banking Corporation,* 165 Md. 559, 169 A. 69, 70 (1933); *Compare* Act of 1861, ch. 7, *with* Md.Code Ann., Cts. & Jud.Proc. § 11–504(b)(5) (1995). Section 11–504(b)(5) of the Courts and Judicial Proceedings Article fixes a 30–day time limitation on the debtor's right to claim that exemption.

The objection filed by Lindsay will be sustained. An order will be entered in accordance with the foregoing.