NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL HOLMES,<br><br>              Plaintiff-Appellee,<br><br>   v.<br><br>ROSALINA HARRIS, in her individual and official capacity; DEAN HARRIS, an individual,<br><br>              Defendants-Appellants,<br><br> and<br><br>ARLANI HARRIS, an individual; DOES, 1-10, inclusive,<br><br>              Defendants. | No.    21-55330<br>        21-55566<br><br>D.C. No. 2:18-cv-03739-PSG-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 13, 2022**
Pasadena, California

_____

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,*** District Judge.

Appellants Dean M. Harris and Rosalina Harris appeal the district court's denial of a motion for reconsideration as well as the sale order of their home. We affirm the district court's decision and uphold its finding that the Harrises are not entitled to a homestead exemption.

The present case is the latest chapter in a network of matters, all stemming from a long-running dispute between the Harrises and their former next-door neighbor Crystal Holmes. Holmes successfully sued Rosalina Harris—a detective with the Los Angeles County Sheriff's Department—for procuring a false arrest of Holmes in violation of her Fourth Amendment rights. The jury awarded Holmes a $3 million judgment.

To collect on the judgment, Holmes recorded a judicial lien against the Harrises' home, but Dean Harris filed for bankruptcy and claimed a $600,000 homestead exemption—a bankruptcy provision that allows debtors to keep equity in their home to avoid impoverishment. But the district court found that the Harrises were not entitled to a homestead exemption and ordered the sale of the Harris home to satisfy the judgment. On June 2, 2021, the U.S. Marshal sold the Harrises' home to Holmes for $620,000.

***     The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

2

The Harrises filed a motion asking the district court to reconsider the order for sale of dwelling. The district court denied the motion, and the Harrises appealed to the Ninth Circuit.

As to the sale order, we review findings of fact for clear error, while conclusions of law are reviewed de novo. *Landis v. Washington State Major League Baseball Stadium Pub. Facilities Dist.*, 11 F.4th 1101, 1105 (9th Cir. 2021). As to the motion for reconsideration, we review for abuse of discretion. *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020).

The Harrises request that we instruct the district court to revise the sale order to include the homestead exemption provision and have the U.S. Marshal conduct a new sale with a higher minimum bid.

California law provides that a sale of property to enforce a judgment "shall not be set aside for any reason." Cal. Civ. Proc. Code § 701.680(a). The only exception is when, as here, the judgment creditor (Holmes) is the purchaser, but in that instance, the debtor (the Harrises) must "commence an action within 90 days after the date of the sale to set aside the sale." Cal. Civ. Proc. Code § 701.680(c)(1); *First Fed. Bank of Cal. v. Fegen*, 131 Cal. App. 4th 798, 801 (2005). The Harrises did not do so. The request to undo the sale order is thus impermissible.

But the Harrises express openness to an alternate remedy in lieu of undoing the sale. They suggest, among other things, that the court order Holmes to pay the homestead exemption to the Harrises. To determine whether the Harrises are entitled to relief, we examine whether they are entitled to the homestead exemption in the first place.

The applicant for a homestead exemption has the burden of showing that the real property in question is a homestead. Cal. Civ. Proc. Code § 704.780. The Harrises did not meet this burden because they never submitted evidence showing (1) that the property was their principal home on the date of the lien recording (which was December 30, 2019), and (2) that they intended to continue living at the home. *Id.* § 704.710(c). Because the Harrises never submitted the proper evidence, they did not meet their burden of proof.

The Harrises claim that, by failing to establish that the property was a homestead, the district court found that they had "waived" their homestead exemption. They also claim that, under federal law, waiver is irrelevant to whether they are entitled to their exemption. 11 U.S.C. § 522(f). While the word "waiver" has many meanings, we do not find there is a waiver issue here. There is simply a plain failure to follow the California statute. The U.S. Supreme Court has recognized that a state may include regulations attendant to a homestead exemption, and that the applicant who neglects to file a homestead declaration in

accordance with state regulations is ineligible for the exemption. *White v. Stump*, 266 U.S. 310, 312 (1924) ("[The Bankruptcy Law] makes the state laws existing when the petition is filed the measure of the right to exemptions."); *see also Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir. 1982).

Moreover, even if we were to characterize this as a waiver issue, there is still good reason to find 11 U.S.C. § 522(f) inapplicable. The neighboring provision explains that a waiver of certain exemptions is "unenforceable." 11 U.S.C. § 522(e). Such language is contractual in nature, and so several federal courts have persuasively concluded that this provision applies to contractual waiver. *United States v. Scott*, 45 B.R. 318, 321 (M.D.N.C. 1984) ("As the language of this provision indicates, it is meant to avoid waivers made by contractual means."); *see also In re Gordon*, 199 B.R. 7, 10 (Bankr. D. Md. 1996); 4 Collier Bankruptcy Practice Guide ¶ 74.05 (Alan N. Resnick & Henry J. Sommer, eds., 2021). Because the language of waiver here likely refers to contractual waiver, the district court was correct to find that the Harrises still had the burden of showing the property is a homestead. But the Harrises failed to show that the property is a homestead, and so we find they are not entitled to the exemption.

Because the Harrises do not qualify for a homestead exemption, we decline to address their other arguments.

The district court is **AFFIRMED**.