JANNENGA *v.* LIBERNINI ET UX.

[No. 215, September Term, 1959.]

*Decided May 25, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John I. Heise, Jr.,* for the appellant.

No brief and no appearance for the appellees.

HORNEY, J., delivered the opinion of the Court.

This action for malicious prosecution is the end result of a disagreement that began over the ownership of a kitchen cabinet—which had been left in a house in Landover purchased by the plaintiff (Roy L. Jannenga) and his wife from the defendant (Antonio Libernini) and his wife with the understanding that the purchasers could use an adjoining vacant

lot of the sellers for parking their automobiles until the lot was sold—and culminated in the arrest, prosecution and acquittal of the plaintiff for criminal trespass.

As a result of the settlement of the kitchen cabinet dispute the defendant and his wife had to return the cabinet and the plaintiff and his wife made a cash payment for taxes they had contested. While the parties signed mutual releases in full settlement of their difficulties, it appears the animosity of the defendant toward the plaintiff did not subside. Within a week after that episode had ended—apparently through spite and a disposition to annoy or injure the plaintiff—the defendant placed a "no trespassing" sign on the lot and a barricade across the driveway into it. Throughout the entire period from March of 1958 (when the house was purchased) to September of 1958 (when the cabinet dispute was finally settled) the plaintiff and his wife had used the lot for parking purposes. At no time had permission been denied or withdrawn until after the issuance of the warrant for and the arrest of the plaintiff for criminal trespass.

Because the question of parking had not been mentioned at any time during the existence of the dispute over the cabinet or at the final settlement of that disagreement, the plaintiff was unaware that the barricade and sign were intended as notice to him to discontinue use of the lot. Instead the plaintiff assumed that the defendant was concerned about the use of the lot by some boys who had been playing ball thereon. Consequently, when he returned from work on the day the barricade and sign were erected, the plaintiff removed the cross-bar of the barricade, parked his automobile as usual and replaced the cross-bar.

On that same day the defendant and his wife, who had watched the plaintiff park his automobile on the lot as usual, discussed whether they should see the plaintiff and ask him to discontinue parking or to notify the police. They chose the latter course and swore out a warrant for the arrest of the plaintiff. Two days later the police arrested the plaintiff and took him in the police car to Hyattsville where he was released on bond. A day or so after the arrest had been made a letter from the defendant's attorney was received by the

plaintiff informing him that permission to park on the lot had been revoked and that his clients had sworn out a warrant for his arrest. There was no evidence one way or the other to show that the attorney had been consulted before the warrant was sworn out by his clients.

At the criminal trial on the charge of trespass, at which the defendant and his wife appeared and testified against the plaintiff, the court, surmising that "some bad blood" had been created by the cabinet dispute, rendered a verdict of not guilty and stated in effect that permission not having been revoked, the barricade had been improperly erected. The plaintiff, seeking damages for malicious prosecution, filed this action.

At the civil trial for damages, the motion of the defendant for a directed verdict, based on a claim of total absence of malice and the existence of probable cause for the arrest and subsequent prosecution, was denied at the conclusion of the plaintiff's case, but was renewed and granted at the close of all the evidence. The trial court, although obviously uncertain at first, finally ruled that malice had not been shown either directly or inferentially. The plaintiff, contending, among other things, that the existence of malice was a jury question, appealed from the resultant judgment for costs.

In the recent case of *Safeway Stores, Inc. v. Barrack,* 210 Md. 168, 122 A. 2d 457 (1956), Judge Henderson, speaking for the Court, said at p. 173:

> "The necessary elements of a case for malicious prosecution of a criminal charge are well established. There must be (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) 'malice', or a primary purpose in instituting the proceeding other than that of bringing an offender to justice."

In the case at bar, elements (a) and (b) were admitted.

As to element (c), it is difficult to tell from the record what the court had in mind with respect to probable cause. During the colloquy with counsel concerning the motion for the

directed verdict, the court recognized that want of probable cause was "of the essence of the action," but it does not certainly appear whether or not the court inferred or assumed that there was probable cause. An examination of the record, however, indicates an absence of probable cause rather than the presence of it. It is clear the defendant did not inform the plaintiff that the permission previously granted had been withdrawn, as he easily might have done. Moreover, the evidence warrants an inference that the sign and barricade were intended to set the stage for making a charge of trespass against the plaintiff rather than to prevent him from trespassing. Under such circumstances the arrest and prosecution of the plaintiff by the defendant point to some private end instead of to a proper public motive. That being so there would be no basis for a belief that the plaintiff was guilty of criminal trespass. See *Cooper v. Utterbach,* 37 Md. 282 (1873); *Stansbury v. Fogle,* 37 Md. 369 (1873); *Flickinger v. Wagner,* 46 Md. 580 (1877); *Johns v. Marsh,* 52 Md. 323 (1879); *Thelin v. Dorsey,* 59 Md. 539 (1883); *Kennedy v. Crouch,* 191 Md. 580, 62 A. 2d 582 (1948); *Banks v. Montgomery Ward & Co.,* 212 Md. 31, 128 A. 2d 600 (1957); 34 Am. Jur., *Malicious Prosecution,* § 161. In any event, if there were any dispute as to the evidence or the inferences deducible therefrom, it would be a question for the jury under appropriate instructions by the court concerning the existence or lack of probable cause. *Nance v. Gall,* 187 Md. 656, 50 A. 2d 120 (1946); *Kennedy v. Crouch, supra; Safeway Stores, Inc. v. Barrack, supra.*

The principal question, however, is whether the court erred when it ruled as a matter of law that malice [element (d)] had not been shown. We think the ruling was erroneous. In a case such as this where there was not only evidence of a want of probable cause, but also some positive evidence of the existence of malice or a purpose other than that of bringing an offender to justice, there is no doubt that the existence of malice was a question of fact for the jury to decide. See *Staples v. Johnson,* 25 App. D. C. 155 (1905) [whenever there is *any* proof of malice in conjunction with lack of probable cause it becomes the duty of the trial judge to submit the

case to the jury for its determination of the former]. See also *Viner v. Friedman,* 33 A. 2d 631 (Munc. C. A. 1943).

In *Banks v. Montgomery Ward & Co., supra,* it was said [at 212 Md. 42] : "Where there is a lack of probable cause, malice may be inferred, although the inference may be rebutted by the defendant. The question of malice, that is, the question of whether the defendant acted from other than proper motives, unlike probable cause, is a *question for the jury."* [Emphasis added.] And see *Bishop v. Frantz,* 125 Md. 183, 93 Atl. 412 (1915) ; *Torsch v. Dell,* 88 Md. 459, 41 Atl. 903 (1898) ; *Boyd v. Cross,* 35 Md. 194 (1872) ; *Cecil v. Clarke,* 17 Md. 508 (1861) ; and *Turner v. Walker,* 3 Gill & J. 377 (1831), all of which in effect held that the existence of malice was a question of fact for the jury. See also *Stewart v. Sonneborn,* 98 U. S. 187 (1878) ; 34 Am. Jur., *Malicious Prosecution,* § 160; 54 C.J.S., *Malicious Prosecution,* § 99.

The judgment for costs must be reversed and the case remanded for a new trial.

*Judgment reversed and case remanded for a new trial; appellees to pay costs of this appeal.*