SHAMBERGER *v.* DESSEL

[No. 18, September Term, 1964.]

*Decided October 16, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Clewell Howell, Jr.,* with whom was *Harry Goldman, Jr.,* on the brief, for the appellant.

*Delverne A. Dressel,* with whom was *Paul M. Higinbothom* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal by the counterclaim-plaintiff, George R. Shamberger, appellant, from a judgment for costs in favor of the counterclaim-defendant, George R. Dessel, appellee, following the sustaining of a demurrer to appellant's second amended counterclaim.

In September 1960, Gertrude Dessel Kratsch died, leaving a purported last will and testament which bequeathed to George R. Shamberger the rest and residue of her estate, including both real and personal property. On October 17, 1960, George R. Dessel instituted a caveat proceeding prior to the probate of Mrs. Kratsch's will. On January 8, 1963, the appellee dismissed the caveat "with prejudice." Appellee filed a declaration for the recovery of $2500 against Shamberger on February

27, 1963. This is the amount which the appellee claimed was the agreed consideration for him to discontinue the caveat proceedings, which he alleged had not been paid. Thereafter, the appellant filed a general issue plea, and his first counterclaim in three counts, alleging in the first count that the appellee maliciously prosecuted a caveat to the aforesaid will; in the second count that he abused process in filing the caveat; and in the third count that he conspired with his attorneys to accomplish the alleged malicious prosecution and abuse of process. A demurrer thereto was sustained by Judge Carter on September 23, 1963, with leave to amend within fifteen days. On October 8, 1963, appellant filed an amended counterclaim, and a demurrer was filed thereto on October 11, 1963. Judge Carter sustained the demurrer again with leave to amend within fifteen days. Following this, appellant, on December 23, 1963, filed a second amended counterclaim, setting forth essentially the same allegations as in his prior counterclaims. A demurrer was again filed thereto, and a third hearing held before Judge Carter. At this time, on January 17, 1964, Judge Carter sustained the demurrer without leave to amend. Judgment was entered for appellee for costs, which gives rise to this appeal.

The appellant's principal contention is that his second amended counterclaim states a good cause of action for malicious prosecution. The essential elements in a civil action for malicious prosecution are: (a) the institution or continuation of a proceeding by the present defendant against the plaintiff; (b) the termination of such proceeding in the present plaintiff's favor; (c) absence of probable cause or malice in instituting the proceeding; and (d) that damages were sustained by the plaintiff. *Jannenga v. Libernini,* 222 Md. 469, 160 A. 2d 795; *Safeway Stores, Inc. v. Barrack,* 210 Md. 168, 122 A. 2d 457. Here, the caveat was filed before probate of the will which suspended the right of the appellant to possession of the property as a legatee or devisee. However, a caveat filed after probate would have left the appellant in possession of the decedent's real property and the decedent's personal property in the possession of the executor named in the will, or in an administrator pendente lite, should one be appointed by the court, until their respective titles thereto could be established through the caveat pro-

ceeding. It is the appellant's position that the caveat deprived him of the real property so that he had suffered a special injury, an essential element for a cause of action for malicious prosecution.

It is the established rule in Maryland that damages can not be predicated upon the filing of a caveat to a will even though the caveat was filed maliciously and without probable cause. *Wegefarth v. Weissner,* 134 Md. 555, 568, 107 Atl. 364. In *North Pt. Constr. Co. v. Sagner,* 185 Md. 200, 207, 44 A. 2d 441, we said:

> "* * * Maryland has steadfastly adhered to the so-called 'English' rule that no action will lie for the malicious prosecution of a civil suit when there has been no arrest of the person, no seizure of the property of the defendant, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action."

citing cases, including *Wegefarth v. Wiessner, supra.*

Appellant argues that he has suffered special injuries since, due to the caveat, he was denied use of the real property. We find no merit in this contention since his property had not been seized. Until there was an adjudication on the merits of the caveat to the instrument under which he claimed title, he had no right to possession of the property. Here, there was no special injury sustained by the appellant which would not ordinarily result in all caveats to wills involving devises of real property.

At first blush it would seem that the "English Rule" is unfair to appellant. However, the rationale of the existing law is evident. In 34 Am. Jur., *Malicious Prosecution,* § 10, it is stated:

> "Against the right of recovery it is urged that the courts are open to every citizen to sue upon the penalty of lawful costs only if the action is unsuccessful, and if the costs are inadequate to compensate a harrassed defendant, he should look to the legislature, not the courts; that if recovery were allowed in such cases, a defendant who sets up a groundless defense should

likewise be penalized; and that such actions would lead to interminable and vexatious litigation."

The second count in appellant's second amended counterclaim alleges abuse of process in filing the caveat proceeding. Although it appears that the appellant has abandoned the second count because he did not argue its sufficiency in his brief or in oral argument before this Court, we note that since no cause of action for malicious prosecution under the law of this State may be brought as the result of a caveat to a will, there could not be an abuse of process.

Likewise, under the third count of the second amended counterclaim there could be no recovery on the charge that Dessel conspired with his attorney in a malicious prosecution of the caveat, and in abusing process. There could be no conspiracy to accomplish by lawful means what the law permits.

*Judgment affirmed, with costs.*