# MART OF WALDORF, INC. *v.* JOY LOU ALBAN

[No. 351, September Term, 1975.]

*Decided January 2, 1976.*

The cause was argued before ORTH, C. J., and GILBERT and LOWE, JJ.

*Hugh E. Donovan,* with whom were *Donahue & Ehrmantraut* and *Richard N. Appel* on the brief, for appellant.

*Thomas B. Yewell,* with whom were *Haislip & Yewell* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Joy Lou Alban, appellee, was arrested on a warrant issued upon the sworn application of Robert S. Hayden, an assistant manager of Mart of Waldorf, Inc., appellant, trading as Mammouth Mart in Waldorf, Maryland. The warrant charged that Mrs. Alban:

> ". . . [D]id on or about 4-10-74 at Waldorf, Md. unlawfully did [sic] remove mdse. one pant suit in the value of $16.99, one Infants dress in the value of $3.99 two wigs in the value of $12.99 ea from the immediate place of display within the establishment Monmouth Mart [sic] in the total value of $48.96[1] with intent to deprive the owner of its value of same."

Mrs. Alban was acquitted of the charge and thereafter filed suit against appellant, apparently for malicious prosecution,[2] in the Circuit Court for Charles County, claiming $150,000.00 in damages. The appellant pleaded the general issue plea, "They did not commit the wrongs alleged." On the day of trial of the civil suit, the appellant was allowed to amend its plea so as to show, by special plea, that it was undergoing financial difficulty and had sought relief under "Chapter XI" of the Federal Bankruptcy Act.

The jury returned a verdict in appellee's favor for $20,000.00 compensatory damages and $25,000.00 punitive damages. The trial judge ordered a remittitur of $5,000.00 in each of the two damage assessments so that the verdict as adjusted was for a total of $35,000.00.

The appellant, in this Court, presents four principal contentions as to why the judgment of the trial court should be reversed. Each principal contention has been subdivided by appellant so that we are confronted with eleven issues. We need, however, to consider but one.

The appellee and her sister-in-law went into the

---

1. We calculate the value to have actually been $46.96.
2. The complaint set out facts that were treated as a cause of action for malicious prosecution.

appellant's store in order for the sister-in-law to purchase a number of items including draperies. Each of the women had a small child with her. Appellee had entrusted to her care a seven month old girl who was the daughter of an inlaw of appellee's sister-in-law. She told the jury that she placed her purse in a shopping cart and then put the child in the cart. Inasmuch as the appellee was not desirous of purchasing anything, she and her sister-in-law separated. While the sister-in-law collected items to purchase, the appellee meandered throughout the store. Finally, she joined her sister-in-law in the drapery department. At about the same time, the two women were approached by Hayden who accused appellee of taking the pants suit from out of her purse and placing it upon the counter. Hayden had gotten his information from a saleswoman and the deduction he made from his personal observation of appellee near the counter where the pants suit had been placed. He acknowledged that he was not certain that he had seen appellee remove the pants suit from her purse and put it on a counter, alongside of the infant's dress and two wigs. The women were allowed to leave the store, but the car in which appellee and her sister-in-law were riding was intercepted by a trooper of the State Police, and appellee was taken before a Commissioner of the District Court and served with the above quoted warrant. Appellee testified that a news article of her arrest appeared in two papers and on the radio. She said that the arrest and resulting notoriety caused her much embarrassment and humiliation, as well as causing her to be nervous and emotionally upset. Two witnesses, her husband and a friend, verified the appellee's testimony.

At the close of the appellee's evidence against the appellant, her attorney made a motion to preclude the appellant from injecting into the case any evidence of "probable cause" for the arrest. The motion was bottomed on the argument that because the appellant had not filed a special plea of justification, or excuse, *see* Md. Rule 342 c 2 (g), he was not allowed to establish "probable cause." Appellant asserted to the trial judge that "probable cause" is allowable under the general issue plea. Over appellant's

strenuous objection, the appellee prevailed. Appellant was permitted to endeavor to show lack of malice solely for the purpose of mitigation of damages.

The primary question to be decided is whether the trial judge properly prohibited appellant from demonstrating, if it could, probable cause for the arrest of the appellee. If the defendant in a malicious prosecution action must, as appellee alleges, specially plead "justification" or "excuse", the trial court's ruling would be correct. On the other hand, if "probable cause" is provable by the defendant under the general issue plea, the trial judge's ruling was not only unduly restrictive, but error of such extent as to require a reversal and a retrial. We note that in his argument to the trial judge the appellee relied upon two cases in which appellee's counsel stated he had advanced a similar contention in false arrest actions in the trial court of another county, and that he had prevailed.[3] Although the argument succeeded in those cases, it is not precedent in this case.

Maryland has always followed the rule that it is incumbent upon a plaintiff in a malicious prosecution case to prove that he was prosecuted by the defendant, or at his or its instigation, and that such prosecution was instituted maliciously and without probable cause. *Johns v. Marsh,* 52 Md. 323 (1879). *See Montgomery Ward & Co. v. Keulemans,* 275 Md. 441, 340 A. 2d 705 (1975); *Brewer v. Mele,* 267 Md. 437, 298 A. 2d 156 (1972); *Gladding Chevrolet, Inc. v. Fowler,* 264 Md. 499, 287 A. 2d 280 (1972); *Jannenga v. Libernini,* 222 Md. 469, 160 A. 2d 795 (1960); *Safeway Stores, Inc. v. Barrack,* 210 Md. 168, 122 A. 2d 457 (1956); *Stansbury v. Luttrell,* 152 Md. 553, 137 A. 339 (1927); *Bishop v. Frantz,* 125 Md. 183, 93 A. 412 (1915); *Thelin v. Dorsey,* 59 Md. 539 (1883).

It is the plaintiff who carries the burden of proof. *Cecil v. Clarke,* 17 Md. 508 (1861). *See also Gladding Chevrolet, Inc. v. Fowler, supra; Jannenga v. Libernini, supra; Safeway Stores, Inc. v. Barrack, supra; Stansbury v. Luttrell, supra;*

---

**3.** We are not to be construed as sanctioning the rulings of the trial court in those two cases. The matter is not before us, and we do not decide it.

*Chapman v. Nash*, 121 Md. 608, 89 A. 117 (1913); *Thelin v. Dorsey, supra.*

The maneuver so adeptly exercised by appellee's counsel in the circuit court had the effect of shifting the onus to the appellant-defendant and then precluding the appellant-defendant from meeting the burden cast upon it. All this appellee did by convincing the trial judge that "probable cause" had to be pleaded specially by the appellant-defendant or it was lost as a defense. Appellee seeks to have us adopt a rule that if the defendant failed to plead specially "justification", "excuse", or "probable cause", the plaintiff in a malicious prosecution case need show only that he was arrested and acquitted. The sole question then remaining for the trier of fact would be whether the defendant, through his evidence, showed an absence of malice in mitigation of damages.

Maryland Rule 342 c provides in pertinent part:

"2. Action *ex Delicto.*

The following matters of defense must be specially pleaded in an action *ex delicto:*

* * *

(g) Justification, Excuse, Discharge — Trespass.

All matters of justification, excuse or discharge where the action is for trespass to real or personal property or to the person."

Patently, appellee preceives a malicious prosecution case as one of trespass "to the person." Whatever the law may be in other jurisdictions, malicious prosecution, in Maryland, is not an action of trespass, but an *action on the case.*

1 *Poe's Pleading and Practice*, Pl. § 158 (6th ed. H. Sachs 1970) declares:

". . . Trespass lies to recover damages for an injury committed with force, either actual or implied by law, where the injury is direct and immediate, and where it is committed either upon the person of the

plaintiff or upon his tangible and corporeal property, whether real or personal. Case, on the other hand, lies to recover damages for any wrong or cause of complaint to which detinue, assumpsit, trespass or replevin will not apply. Or to adopt another definition, more sharply contrasting it with trespass, case lies generally to recover damages for torts *not* committed with force, actual or implied; or if committed with force, where the injury is not immediate but consequential; or where the matter affected is not tangible; or, where the interest in the property affected is only in reversion." (Footnotes omitted).

The same source, 2 *Poe's Pleading and Practice* at Pl. § 634, notes:

". . . [I]n an action on the *case* for malicious prosecution, the general issue plea denies each and all of the four material allegations of the narr.,[4]; hence, anything tending to show that the defendant had not prosecuted the plaintiff, or been connected with his prosecution; or that there was probable cause for the prosecution; or that the plaintiff was actually guilty; or that the prosecution was not at an end is admissible." (Emphasis supplied).

Messrs. Hyman and Isadore Ginsberg in *Pleading at Law in Maryland* 29-30 (2d ed. 1951) state:

"[The Action of Case] . . . was created by the English Statute of Westminster the Second passed in 1285, whose purpose was to fill the deficiencies

---

4. The four material allegations are:

". . . (1) That the plaintiff was, in fact, prosecuted by the defendant for an alleged criminal offense. (2) That the prosecution was falsely and maliciously made. (3) That it was without probable cause. (4) That it was finally and completely ended and determined, resulting in the formal abandonment of the prosecution, the dismissal of the charge, or the acquittal of the accused plaintiff." 1 *Poe's Pleading and Practice* Pl. § 192 (6th ed. H. Sachs 1970).

created by the narrow construction placed on the action of trespass.

Trespass applies to direct injuries to present possessory rights. Case applies to all injuries of a consequential nature where the injury is not a direct application of force, but rather indirect as in the case of slander, and libel, alienation of affections[5], slander of title, *malicious prosecution*, conspiracy, and deceit. (Emphasis supplied).

Malicious prosecution is an action *on the case*, not *trespass*, and as such, Md. Rule 342 c 2 (g) has no application. The appellant was not required to enter a special plea of "justification", "excuse", or "probable cause." It was entitled under its properly filed general issue plea [6] to demonstrate, if it could, probable cause for the arrest of the appellee. The trial judge erroneously prohibited appellant from offering evidence of probable cause, and the case must be reversed. In view of our holding, we need not decide, as we have previously indicated, the other issues raised by appellant because it is possible that none of them will arise in a retrial.

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by appellees.*

---

**5.** Alienation of affection is outlawed as a cause of action by Md. Ann. Code, *Courts and Judicial Proceedings Art.* § 5-301 (a).

**6.** In Rutherford v. Jones, 14 Ga. 521, 525 (1854), Judge Lumpkin referred to a general prayer for relief as "that India-rubber prayer." As we see it the general issue plea is similarly an India-rubber plea.