Alan B. NIEDERMAYER,
Trustee, Appellant,

v.

Marshall S. ADELMAN, Appellee.

Civ. No. PN–87–3306.

United States District Court,
D. Maryland.

Aug. 5, 1988.

Gary R. Greenblatt, Baltimore, Md., for appellant.

Alan F.M. Garten, and John H. Doud, III, Baltimore, Md., for appellee.

MEMORANDUM OPINION

NIEMEYER, District Judge.

This is an appeal taken by Alan B. Niedermayer, Trustee, from a final decision of the bankruptcy court. The Trustee has also moved for an order certifying certain questions of state law to the Court of Appeals of Maryland.

I

The facts of this appeal are not in dispute. Marshall Adelman, the debtor and appellee, filed a bankruptcy petition on May 30, 1986, which was amended on March 13, 1987. In his amended petition he listed certain property as exempt by reason of Maryland law, including some IRA accounts and a civil action pending in the Circuit Court for Baltimore City. In the civil action he filed a multi-count complaint against his former employer in which he claims compensatory and punitive damages for false imprisonment, malicious prosecution, invasion of privacy, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, civil conspiracy, loss of consortium, and breach of contract. He listed the value of the civil suit as "unknown" since it is still pending and there has been no judgment. At oral argument on this appeal the parties agreed that the contract count in that action should not be exempt under Maryland law.

Following challenges to the claimed exemptions and a hearing, the bankruptcy judge ruled in favor of the debtor and against the Trustee, deciding that any and all relief that the debtor might be accorded in his civil suit against his former employer was exempt from his bankruptcy estate. No reasons were given and no authority was cited for the ruling. The parties resolved the claims with respect to the IRA accounts by a settlement that was incorporated in the bankruptcy judge's Order of October 13, 1987.

Both sides agree that the issues raised by this appeal are controlled by the exemption laws of Maryland, Cts. & Jud.Proc.

Art., § 11–504(b), Md.Code, which reads in relevant part as follows:

The following items are exempt from execution on a judgment.

\* \* \* \* \* \*

(2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief.

The Court is now presented with the issue whether the term "injury of any person" as used in that statute includes injury by reason of false imprisonment, malicious prosecution, defamation and the other torts that are alleged in the debtor's lawsuit against his former employer.

## II

Both parties acknowledge that there are no Maryland cases interpreting the Maryland statute and they urge their respective positions, reasoning by analogy from other contexts.

The Trustee relies heavily on the contextual meaning of "injury" as used in the statute. He argues that the other words in the statute—"sickness," "accident" and "death"—clearly relate to physical injuries and thus the word "injury" should be read in the same context. He urges this Court to take the approach taken by the Maryland Court of Appeals in *Pacific Indemnity v. Interstate Fire & Casualty Co.*, 302 Md. 383, 488 A.2d 486 (1985), where that court, on question certified to it by the Fourth Circuit, grappled with the meaning of the word "injury" as used in an insurance policy to determine the scope of coverage. There the court attempted to determine the meaning of the word from the context of its use before looking to precedent in other jurisdictions. When it was unable to determine the meaning of the word "injury" from the context of the insurance policy and after it found the judicial interpretations of similar insurance policies in other jurisdictions were divided, it concluded that " 'injury' is not sufficiently

clear to enable us to say that either ... interpretation is the one intended.... Each party advances a reasonable interpretation...." 302 Md. at 400, 488 A.2d 486. It decided that a more complete factual context had to be developed in the litigation.

At oral argument the Trustee agreed that in the context of the exemptions allowed by the statute, injury to the person must be distinguished from injury to his property, since most of his property is not subject to exemption. However, he urges that injury to his person, or "personal injury," means physical or bodily injury.

The Trustee also argues that the debtor's claim for exemption of his civil action is procedurally defective since he failed to recite the exact value of the claim on the bankruptcy schedule. He concedes, for the purposes of this appeal, however, that the debtor intends to claim the entire suit as exempt under the exemption statue (except for the contract claim which the parties agreed at oral argument belongs to the bankruptcy estate).

Finally, the Trustee argues that punitive damages in any event cannot be considered "money payable for injuries" as that term is used in the statute. They are an award, over and above compensation for an injury, to punish the wrongdoer and to deter others from engaging in the same conduct. They are a civil fine, not compensation for an injury. *Embrey v. Holly*, 293 Md. 128, 442 A.2d 966 (1982).

Taking a broader approach to the definition of "injury of the person," the debtor argues that "injury" has been defined in other contexts to mean "any wrong or damage done to another, either in his person, rights, reputation, or property," which is the definition given in Black's Law Dictionary and cited in many cases. And, "injury to person" means the invasion of any legally protected interest of another. *See* Restatement (Second) of Torts, § 7 (1965). He cites two cases from other jurisdictions where state statutes of limitations dealing with actions for damages for "injuries to the person" have been construed to include

injuries other than bodily injuries, specifically injuries to civil rights in actions for false imprisonment and/or malicious prosecution. *Commerce Oil Refining Corp. v. Miner,* 99 R.I. 14, 199 A.2d 606 (1964); *Krum v. Sheppard,* 255 F.Supp. 994 (W.D. Mich.1960). He also notes that the insurance industry defines "injury to person" as including claims for malicious prosecution and false arrest, *Quecedor v. Montgomery County,* 264 Md. 590, 287 A.2d 257 (1972), and tort claims such as debtor's claim against his former employer are commonly called "personal injury actions." *See The New York, Philadelphia and Norfolk Railroad Company v. William Waldron,* 116 Md. 441, 82 A. 709 (1911).

As a second argument, the debtor urges that the statute be given a liberal interpretation citing *Muhr v. Pinover,* 67 Md. 480, 10 A. 289 (1887); *Darby v. Rouse,* 75 Md. 26, 22 A. 1110 (1891); *Fowler v. State ex rel. Gray,* 99 Md. 594, 58 A. 444 (1904). If the word "injury" were intended by the legislature to be restricted to bodily or physical injuries, he argues, then these modifying words would have been used. *See U.S. Fidelity & Guaranty Company v. Mayor's Jewelers of Pompano,* 384 So. 2d 256 (Fla.1980).

Finally he urges that his claims actually involve bodily injury, as well as deprivation of other personal rights, and thus they are exempt under the statute even if the statute is interpreted to mean only bodily injury. There can be injury to the mind without overt manifestations of bodily harm. *Mart of Waldorf, Inc. v. Alban,* 29 Md. App. 602, 349 A.2d 685 (1976). The mind is as susceptible of injury as the body, and the absence of apparent physical damage does not serve to lessen the extent of the mental injury. *Vance v. Vance,* 41 Md. App. 130, 396 A.2d 296 (1979). Thus, even were the Court to adopt the Trustee's position that the exemption statute requires physical injury, the debtor urges that his claim would be exempt under the facts.

With respect to the contention that punitive damages are exempt, the debtor argues that the statute does not distinguish between the two but simply states that "money payable in the event of ... injury" is exempt. Further, he notes, that punitive damages as well as compensatory damages are exempt from taxation under our tax law, suggesting that they are equally a part of an award for injury to the person. *Roemer v. Commissioner,* 716 F.2d 693 (9th Cir.1983).

### III

Although some of the debtor's arguments urging definitions of the term "injury" from analogous contexts have some appeal, the Court concludes that the method urged by the Trustee, i.e. of looking to the context of usage, coupled with the underlying purpose of the exemption statute, will best reveal the proper interpretation in this case. This method will give full effect to the legislative policy in granting exemptions from execution.

A fundamental civility of our jurisprudence subordinates financial obligations to claims of life and liberty. Thus, without the citation of authority, our system does not permit incarceration to satisfy a debt. Nor does it permit the sale of human beings as chattels. We would never require, for example, the extraction of a pint of blood from a person for sale in satisfaction of a money judgment.

Likewise an exemption law that permits a debtor to retain his claim to recompense himself for personal injury avoids a creditor's stripping him of his means of possibly becoming whole when injured in tort. The law will, within limits, allow for attachment of his property for the satisfaction of debts, and for that matter lawsuits that go with that property, but it will not allow for attachment of his person for such purpose. Under these principles we can expect that a car which is burned in an electrical fire will be subject to attachment, as would be any claim against the insurance company for the fire loss. On the other hand, a person is not a chattel subject to attachment in satisfaction of a debt, and so, too, a lawsuit seeking to recompense him for damage to his person is likewise protected from attachment.

Indeed, similar principles of civility characterize all of the exemptions listed in Section 11–504(b). A person is permitted to retain free from attachment clothes and the tools of his livelihood, minimum utensils of day-to-day living, health aids, and minimum cash for a new start. The most personal exemption other than health aids, however, is the exemption of claims for personal injury that have been discussed.

With these purposes of exemption in mind, the meaning of "injury of the person" as used in Section 11–504(b)(2) becomes more apparent. The test in determining whether a claim for "injury of the person" falls within the exemption of this statute is whether the claim is for injury to property of the debtor or whether it is for injury to the person proper. If the latter, it will be exempt.

Once it is recognized that personal injury claims, as opposed to property claims, form the basis of distinction, the identification of whether the injury is limited to bodily injury, or may include injury to the mind or psyche, is not a difficult issue. Unless the statute were to limit the claim to bodily injury, it is difficult to assume that the person does not include both body and psyche.

Mental anguish, damage to reputation, and damages caused by false imprisonment and malicious prosecution are therefore equally injury to the person. Had the Maryland legislature intended to limit the exemption to claims for bodily or physical injury, it would have so limited the provision. In contrast to the Maryland statute, the federal exemption, which is not here applicable, does in fact limit its exemption to bodily injury. *See* 11 U.S.C. § 522(d)(11)(D).

The Court, therefore, concludes that in the absence of a restriction in the Maryland statute, claims for injury of the person encompass claims for damage to his psyche, including mental anguish and damage to reputation, and they are, therefore, exempt.

The claim with respect to punitive damages, on the other hand, is not a claim for injury to the person of the debtor. Puni-

tive damages are a financial windfall inuring to the person injured by reason of the conduct of the tortfeasor. Since no provision in the statute exempts this claim, it will become part of the bankrupt estate. To read the terms of the statute to include these amounts would be to construe them in a manner inconsistent with the underlying purpose of the exemption statute and with the broader context of permitting creditors to realize only on property of the debtor for satisfaction of their just debts.

Finally, the claim for damages for breach of contract is not a claim for injury to the person as acknowledged by the parties at oral argument. Accordingly, it is subject to execution and will become part of the bankruptcy estate.

For the foregoing reasons, the decision of the bankruptcy judge will be affirmed in part and reversed in part. This Court will enter a separate order that any claim for punitive damages and any claim for breach of contract are part of the bankrupt estate claimed by the Trustee, and the tort claims for compensatory damages for injury to the person of the debtor are exempt from the bankrupt estate. Finally, the Trustee's motion to certify these questions to the Maryland Court of Appeals will be denied.

The Court will enter a separate Order giving effect to this opinion.

### ORDER ON APPEAL FROM THE BANKRUPTCY COURT

For the reasons given in the opinion filed herewith, it is hereby ORDERED this 5th day of August, 1988, by the United States District Court for the District of Maryland, that:

1. The opinion of the Bankruptcy Court exempting tort claims for compensatory damages that are the subject of the litigation in the Circuit Court for Baltimore City is AFFIRMED;

2. The opinion of the Bankruptcy Court exempting claims for breach of contract in the same case is REVERSED, and any award of damages for breach of contract shall become part of the debtor's estate in bankruptcy;

3. The opinion of the Bankruptcy Court exempting claims for punitive damages in the same case is REVERSED, and any award of punitive damages shall become part of the debtor's estate in bankruptcy;

4. The motion of the Trustee for an order certifying certain questions of state law to the Court of Appeals of Maryland, is DENIED; and

5. The Clerk of the Court is directed to mail a copy of this Order and Memorandum Opinion to all counsel of record.