**In the Matter of Johnny Michael SEY-MOUR Nancy Darlene Seymour f/k/a Nancy Peek a/k/a Darlene H. Peek, Debtors.**

No. 02–10446–WHD.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Nov. 6, 2002.

Griffin E. Howell, III, Esq., Griffin, GA, Chapter 7 Trustee.

Robert B. Whatley, Esq., Robert Whatley & Associates, LaGrange, GA, for debtors.

## ORDER

W. HOMER DRAKE, JR., Bankruptcy Judge.

Before the Court in the above-captioned bankruptcy proceeding is the Motion to Disallow Exemption filed by Griffin E. Howell III (hereinafter the "Trustee"), the Chapter 7 Trustee for the bankruptcy estate of Johnny and Nancy Seymour (hereinafter the "Debtors"). The Debtors filed a written response to the Trustee's motion, and, following a hearing on the motion, the Court took the matter under advisement.

This matter is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B).

Debtors filed their petition under Chapter 7 on March 29, 2002. On May 20, 2002, the Debtors amended their Schedule C to claim as exempt $20,000 in restitution payments, payable in the amount $200 per month. These payments were ordered to be made to the Debtors by the Superior Court of Troup County, Georgia, as part of a criminal sentence against David Akin for the crime of conversion. The Debtors had previously entered a contract with Akin under which Akin was to perform improvements to the Debtor's real property. The Debtors paid for, but did not receive, Akin's services.

On June 14, 2002, the Trustee filed the instant motion objecting to the Debtors' claim of an exemption in the payments. The Debtors' amended Schedule C claims the funds as exempt pursuant to O.C.G.A. § 44–13–100(a)(11)(A), which allows a debtor to exempt the "debtor's right to receive, or property that is traceable to... an award under a crime victim's reparation law." The Trustee contends that restitution payments do not constitute an award under a crime victim's reparation award. Accordingly, the Court must determine whether the statute relied upon by the Debtors is applicable.

■ Neither party has been able to locate any case law that would be helpful in defining the meaning of a crime victim's reparation law, and the legislative history for the Georgia statute is scant, if not nonexistent. However, the Georgia exemption statute is identical in language to the federal statute. *Compare* O.C.G.A. § 44–13–100(a)(11)(A), *with* 11 U.S.C. § 522(d)(11)(A). As the Debtors have noted in their brief, the legislative history associated with the federal statute provides that:

Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering . . ., and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings.

*H. Rept. No.* 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1977, p. 5963.

The Court is persuaded by the legislative history that it was the intent of Congress to allow debtors to exempt amounts that serve as compensation for losses associated with personal, bodily injury, and with a loss of the debtor's future source of support that arises in cases in which the debtor or someone of whom the debtor is a dependent suffers death or bodily injury, as opposed to compensation or restitution for a direct pecuniary loss.

Both the Trustee and the Debtors have proposed reasonable interpretations of the exemption statute. The lack of case law or clear legislative intent requires the Court to look "to the context of usage, coupled with the underlying purpose of the exemption statute, [to] best reveal the proper interpretation" of the exemption. *Niedermayer v. Adelman,* 90 B.R. 146, 148 (D.Md.1988).

The grouping of these particular exemptions suggests that the common thread among the exemptions is not to protect repayments made to compensate a debtor for a direct pecuniary loss or other damage to property.[1] The exemption for life insurance proceeds is limited to benefits payable due to the death of an individual of whom the debtor was a dependent, and the exemption applies only to those amounts reasonably necessary for the debtor's support. *See* 11 U.S.C. § 522(d)(11)(C). Similarly, a debtor is only entitled to exempt payments for the wrongful death of an individual of whom the debtor was a dependent and then only in the amount reasonably necessary for the debtor's support. *See* 11 U.S.C. § 522(d)(11)(B). Finally, § 522(d)(11)(E) allows the debtor to exempt compensation for loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. See 11 U.S.C. § 522(d)(11)(E). One can assume that the purpose of these three exemptions is to protect those amounts that are meant to replace the debtor's source of future support to the extent that it is necessary to allow for the debtor's fresh start.

The remaining exemption within paragraph 11 is the exemption that allows the debtor to exempt a certain amount of money paid as compensation for personal bodily injury, excluding pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent. See 11 U.S.C. § 522(d)(11)(D). The purpose of this type of exemption has been said to be the preservation of human capital and the recognition that amounts paid to a debtor in compensation for bodily injury should be subject to attachment for payment of a debt no more than would the debtor's own

---

[1]. The Court notes that the Georgia statute contains a substantially similar grouping of exemptions. See O.C.G.A. § 44–13–100(a)(11).

**60**

body. *See In re Butcher,* 189 B.R. 357 (Bankr.D.Md.1995).

> A fundamental civility of our jurisprudence subordinates financial obligations to claims of life and liberty. Thus, without the citation of authority, our system does not permit incarceration to satisfy a debt. Nor does it permit the sale of human beings as chattels. We would never require, for example, the extraction of a pint of blood from a person for sale in satisfaction of a money judgment. Likewise, an exemption law that permits a debtor to retain his claim to recompense himself for personal injury avoids a creditor's stripping him of his means of possibly becoming whole when injured in tort. The law will, within limits, allow for attachment of his property for the satisfaction of debts, and for that matter lawsuits that go with the property, but it will not allow for attachment of his person for such purpose. Under these principles we can expect that a car which is burned in an electrical fire will be subject to attachment, as would be any claim against the insurance company for the fire loss. On the other hand, a person is not a chattel subject to attachment in satisfaction of a debt, and so, too, a lawsuit seeking to recompense him for damage to his person is likewise protected from attachment.

*Niedermayer v. Adelman,* 90 B.R. 146, 148 (D.Md.1988).

Accordingly, the Court is persuaded that the exemptions found in § 522(d)(11) and in O.C.G.A. § 44–13–100(a)(11) are all intended to protect a debtor's right to payments that would either replace a loss of the debtor's future source of support or would serve to compensate the debtor for an injury to his person. Therefore, the Court agrees with the Trustee that the reference made by the statute to an award under a crime victim's reparation law is meant to include compensation for victims who suffer physical injury or death from a violent crime, rather than compensation payable as restitution for money or property that is wrongfully converted. *See* O.C.G.A. § 17–15–7; O.C.G.A. § 17–15–2 (a person is eligible to file a claim for reparation if he or she is injured physically, dies, or suffers financial hardship as a result of being injured physically as a direct result of a crime, which is further defined as an "act which constitutes hit and run ..., homicide by vehicle ..., serious injury by vehicle ..., or any act which constitutes a violent crime as defined by state or federal law which results in physical injury or death to the victim").

■ It does not appear to the Court that the amounts paid to the Debtors as court-ordered restitution were intended to replace a future source of income of the Debtors. Similarly, the Court does not find that these payments are similar in any way to awards that would be made under Georgia's victim's compensation statute in that they were not made on account of a physical injury or a violent crime. As such, the Court finds that the payments are not of the kind that Congress, and presumably the Georgia General Assembly, intended to allow debtors to claim as exempt as an award under a crime victim's reparation award.

Accordingly, the Trustee's Motion to Disallow Debtors' Exemption is hereby **GRANTED**.

**IT IS SO ORDERED.**