**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-13-1350-DKiTa |
| RAED YAHIA ALAZZEH, | Bk. No. 8:11-24735 |
| Debtor. | Adv. Proc. No. 8:12-ap-1058 |
| MOSTAFFA SHAHRESTANI, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| RAED YAHIA ALAZZEH, | |
| Appellee. | |

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed - April 11, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

Appearances:    David Brian Lally, Esq. argued for Appellant
Mostaffa Shahrestani; and David Van Luu, Esq.
argued for Appellee Raed Yahia Alazzeh.

Before:  DUNN, KIRSCHER, and TAYLOR, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The chapter 7[2] debtor agreed to extend the time for the creditor to file an adversary proceeding seeking to deny debtor's discharge pursuant to § 727 of the Bankruptcy Code. The creditor filed the adversary proceeding complaint ("Complaint") within the agreed extension. More than a year later, after engaging in an unsuccessful mediation and substantial discovery, the debtor filed a motion for summary judgment ("SJ Motion") seeking dismissal of the Complaint on the basis that it was untimely filed. The bankruptcy court granted the SJ Motion and dismissed the Complaint. We AFFIRM.

## I.   FACTUAL BACKGROUND

In November 2008, Raed Yahia Alazzeh assumed, as obligor, a promissory note ("Note") obligation payable to Mostaffa Shahrestani in the amount of $140,800. The Note was due and payable in full in August 2010.

After Mr. Alazzeh defaulted on his payment obligation under the Note, Mr. Shahrestani obtained a default judgment against Mr. Alazzeh in the Orange County (California) Superior Court. The judgment was for the full amount due under the Note, plus interest, costs, and attorneys' fees.

Mr. Alazzeh filed a chapter 7 bankruptcy case on October 24, 2011. Thereafter, Mr. Shahrestani filed the Complaint seeking denial of Mr. Alazzeh's discharge pursuant to §§ 727(a)(2),

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

(a)(3), (a)(4)(A), and (a)(5).

As provided in the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" issued by the bankruptcy court on October 25, 2011, the § 341(a) Meeting of Creditors ("Creditors' Meeting") was set for December 6, 2011, and the deadline ("Deadline") for filing the Complaint was February 6, 2012.[3]  The chapter 7 trustee held the Creditors' Meeting as scheduled on December 6, 2011, but thereafter continued it, first to January 19, 2012, and finally to February 21, 2012.

On January 20, 2012, Mr. Shahrestani's attorney, Susan K. Ashabraner, began an email correspondence with Mr. Alazzeh's attorneys with the goal of obtaining an agreement to extend the Deadline.  On February 2, 2012, attorney Michael N. Nicastro responded:

> Mr. Alazzeh has agreed to extend the time to object to one week after the continued 341a meeting date.  That provides enough time for you to examine the documents and then examine Mr. Alazzeh at the continued 341a meeting.

Mr. Nicastro's email to Ms. Ashabraner concluded, "I await your proposed stipulation to extend."  Seven minutes later Ms. Ashabraner sent a follow up email which stated,

> I will stipulate to extend the deadline for Mr. Shahrestani to object to Mr. Alazzeh's discharge from Monday, February 6, 2012, to Tuesday, February 28, 2012, which is 7 days after the February 21 creditors' meeting.

The Complaint was filed February 24, 2012, four days prior to the date contemplated by the parties as the extended Deadline.

---

[3]  The sixtieth day following the date set for the Creditors' Meeting was February 4, 2012, a Saturday.  See Rule 9006(a)(1)(C).

-3-

Mr. Alazzeh, acting in pro per, filed his answer ("Answer") on March 21, 2012. The Answer denied each of the allegations of the Complaint and asserted generically a boilerplate laundry list of sixteen affirmative defenses, including one alleging that Mr. Shahrestani's claims were barred "by the applicable Statute of Limitations."

Thereafter, Mr. Alazzeh engaged counsel to represent him in defending the adversary proceeding. The adversary proceeding docket reflects that the matter was submitted to mediation, where it was reported settled by the mediator on July 24, 2012. On September 13, 2012, Mr. Shahrestani filed a motion to approve the compromise under Rule 9019, which ultimately was withdrawn.

Following the failed settlement effort, a status hearing was set for November 28, 2012, and was continued to December 18, 2012, to January 8, 2013, to February 12, 2013, to April 2, 2013, and to June 4, 2013; during this time the parties completed discovery. In a Joint Status Report filed May 20, 2013, Mr. Alazzeh advised that a motion for summary adjudication was to be filed "fairly soon."

Mr. Alazzeh's motion for summary judgment ("SJ Motion") was filed on May 20, 2013, and asserted that the Complaint should be dismissed because all of the claims it asserted were statutorily barred by Rule 4004(a). Mr. Shahrestani opposed the SJ Motion on the basis that the parties had agreed to an extension of the Deadline. At the hearing on the SJ Motion held July 2, 2013, the bankruptcy court granted the SJ Motion after noting that no motion ever had been filed requesting that the bankruptcy court

-4-

extend the Deadline as required by Rule 4004(b).[4]

On July 15, 2013, the bankruptcy court entered an order granting the SJ Motion and dismissing the Complaint. Mr. Shahrestani timely appealed.

## II.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(J).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred and/or abused its discretion when it dismissed the Complaint as untimely in light of the agreement of Mr. Alazzeh's attorney to extend the Deadline.

## IV.  STANDARDS OF REVIEW

We review the trial court's order granting summary judgment de novo.  Aguilera v. Baca, 510 F.3d 1161, 1167 (9th Cir. 2007). De novo review requires that we consider a matter afresh, as if no decision had been rendered previously.  United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988); B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

We review for an abuse of discretion the bankruptcy court's decision regarding the treatment of an affirmative defense. 389 Orange St. P'ship v. Arnold, 179 F.3d 656, 664 (9th Cir.

---

[4]  The bankruptcy court focused on the "public policy" of ensuring that an extension of the Deadline appears on the docket, because the court should not have to guess whether it was appropriate to enter the discharge once the Deadline had run. However, it does not appear that a discharge ever has been entered in Mr. Alazzeh's case.

1999). However, whether an affirmative defense is waived, is a question of law reviewed de novo. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011). Only if the bankruptcy court did not apply the correct legal standard, or if its fact findings were illogical, implausible, or without support in inferences that can be drawn from facts in the record, is it proper to conclude that the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## V. DISCUSSION

Rule 4004 is a claim processing rule that governs the grant or denial of a debtor's discharge. Rule 4004(a) provides, "In a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

Mr. Shahrestani asserts that notwithstanding Rule 4004(a), the Complaint was timely, because Mr. Alazzeh "stipulated" to the extension of the Deadline. However, agreements between the parties that implicate court deadlines are not always effective.

Rule 9006(b) governs requests for extensions of time. Rule 9006(b)(3) specifically states that the bankruptcy court can extend the time for taking action under Rule 4004(a) "only to the extent and under the conditions stated in that rule."

-6-

Rule 4004(b) governs the procedure for requesting an extension of the deadline set forth in Rule 4004(a):

> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2),[5] the motion shall be filed before the time has expired.

Thus, Rule 4004(b) sets forth two guiding principles governing the filing of the Complaint after the Deadline. First, a motion for an extension must not only be filed, it must be filed before the Deadline has passed. Second, an extension is not automatically granted just because a motion has been filed. The bankruptcy court, rather than the parties, has discretion to determine if cause exists.

It is undisputed that Mr. Shahrestani did not file a motion seeking an order from the bankruptcy court extending the Deadline before the Deadline expired. The Ninth Circuit recently reemphasized that the deadlines which implicate a debtor's discharge are strict, and "without qualification," cannot be extended by the bankruptcy court unless a motion is made before the deadline expires. Wilms v. Sanderson, 723 F.3d 1094, 1100 (9th Cir. 2013). Thus, the Complaint was untimely as a matter of law. The bankruptcy court did not err when it granted the SJ Motion and dismissed the complaint.

Mr. Shahrestani next makes what we construe to be a waiver argument. Specifically, Mr. Shahrestani contends that where Mr. Alezzeh (1) agreed to the extension, and (2) did not seek to

---

[5] The exception in Rule 4004(b)(2) does not apply to this appeal.

enforce the Deadline until fifteen months after the Complaint had been filed, and after extensive efforts had been expended to mediate the dispute and to complete discovery, the bankruptcy court abused its discretion when it granted the motion for summary judgment and dismissed the Complaint.

The assertion of a time bar constitutes an affirmative defense that, pursuant to Civil Rule 8(c), applicable in a bankruptcy adversary proceeding pursuant to Rule 7008(a), generally must be raised in an answer or be deemed waived. Kontrick v. Ryan, 540 U.S. 443, 458 (2004). In Kontrick, the Supreme Court answered the question: How long do the affirmative defenses in Rules 4004(a) and (b) and 9006(b)(3) afforded to a debtor/defendant "linger" in an adversary proceeding? Id. In Kontrick, the debtor/defendant did not raise the issue that a new claim in an amended complaint was untimely until after the bankruptcy court had entered summary judgment against him on the new claim. The Supreme Court ruled that the outermost point at which a time bar may be raised is before a decision on the merits.

In the matter before us, Mr. Alazzeh first asserted the time bar in his Answer as his Twelfth Affirmative Defense: "Defendant alleges that Plaintiff's cause of action is barred by the applicable Statute of Limitations."[6] Because the time bar was

---

[6] Mr. Alazzeh incorrectly characterized the time bar established by Rules 4004(a) and (b) and 9006(b)(3) as a statute of "limitations." It actually is a statute of "repose." See DeNoce v. Neff (In re Neff), 505 B.R. 255, 263-64 (9th Cir. BAP 2014)("Statutes of repose are not concerned with plaintiff's continue...

raised in the Answer, it was not waived in the first instance. Further, under Kontrick, because Mr. Alazzeh requested adjudication of this affirmative defense well before a determination on the merits, the bankruptcy court did not abuse its discretion when it enforced the time bar by granting the SJ Motion and dismissing the Complaint.

Mr. Shahrestani could not properly rely only on the agreement of Mr. Alazzeh's counsel to extend the Deadline. We observe that the "agreement" can be read only to advise Mr. Shahrestani that Mr. Alazzeh would stipulate to a motion Mr. Shahrestani would present to the bankruptcy court to obtain the requested extension of the Deadline. Thus his lawyer's concluding statement, "I await your proposed stipulation to extend," which left no doubt that something more was required from Mr. Shahrestani to obtain the extension. That Mr. Shahrestani's counsel misinterpreted that sentence does not translate into an abuse of discretion by the bankruptcy court in refusing to deem a time bar affirmative defense waived.

## VI.  CONCLUSION

Mr. Shahrestani could not rely on Mr. Alazzeh's agreement to extend the § 727 complaint Deadline.  Any such extension is

[6]...continue
diligence; they are concerned with the defendant's peace."). That mischaracterization does not change either our analysis or the result.  We interpret pro se pleadings liberally, and a time bar defense was asserted in the Answer.  We also note that in his Second Affirmative Defense, Mr. Alazzeh asserted that Mr. Shahrestani was estopped by his "own acts and omissions occurring at all times relevant to this action" from obtaining the relief sought in the Complaint.

dependent upon the bankuptcy court granting a motion filed prior to the Deadline, for cause shown. Where Mr. Alazzeh affirmatively raised the time bar defense in his Answer, the bankruptcy court did not abuse its discretion in allowing him to assert it through the SJ Motion, notwithstanding that the SJ Motion was not filed until fifteen months after the Complaint had been filed.

We AFFIRM.