**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-14-1450-TaKuPe |
| ) | |
| MIRIAM M. LOPEZ, ) | Bk. No.   2:14-bk-12175-BB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MIRIAM M. LOPEZ, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| DAVID ALAN GILL, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on July 23, 2015
at Pasadena, California

Filed – September 3, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Chief Bankruptcy Judge, Presiding

_____

Appearances:   Wendolyn E. Arnold argued for appellant; Matthew F. Kennedy argued for appellee.

_____

Before:   TAYLOR, KURTZ, and PERRIS,[**] Bankruptcy Judges.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Honorable Elizabeth L. Perris, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

## INTRODUCTION[1]

The bankruptcy court entered an order sustaining objections to exemptions, requiring turnover of assets, and extending the discharge objection deadline.  We AFFIRM the bankruptcy court.

## FACTS[2]

Miriam A. Lopez filed a petition for chapter 7 relief, and David A. Gill was appointed her trustee.  Her initial schedules did not identify all estate assets; but as relevant to this appeal, the initial schedule A included a residence located in Los Angeles, California (the "Property") and the initial schedule C claimed a personal property exemption in a 2010 Honda CR-V ("SUV").  In subsequently amended schedules, the Debtor modified her election of exemptions to include the following:

• $175,000 in the Property, pursuant to CCP § 704.730;

• $2,725 in the SUV, pursuant to CCP § 704.010;

• $4,850 in a 1959 Chevy pick-up truck ("Truck"), pursuant to CCP § 704.060; and

• $2,725 in a 2005 Harley-Davidson motorcycle ("Motorcycle"), pursuant to CCP § 704.010

(the SUV, Truck, and Motorcycle are collectively referred to

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "CCP" references are to the California Code of Civil Procedure.

[2]  We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case.  See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

hereafter as the "Vehicles"). The Debtor indicated that the Truck was used "for work." Her amended Schedule I, however, evidenced that she was unemployed.

The Debtor's amended schedules also included a $4,000 tax refund that she received post-petition. The Debtor did not claim any exemption in the refund. After receipt, she turned the refund over to her bankruptcy attorney, Montaz M. Gerges ("Gerges"). The Trustee unsuccessfully sought turnover from Gerges, who continued to hold the tax refund as of the oral argument in this appeal.

Six months into the case,[3] the Trustee objected to the exemptions claimed in the Property and in the Vehicles. In particular, he sought complete disallowance of the exemption as to the Truck and a partial disallowance of the exemptions claimed in the Property and the Motorcycle. In the same document ("Trustee's Motion"), he also moved for turnover of the tax refund and the Vehicles and requested a second extension of the discharge objection deadline. As the Trustee made clear later, he sought possession of the Vehicles in order to value them.

The Debtor did not formally oppose or respond to the Trustee's Motion. Instead, she vigorously responded to the

---

[3] During this time, the Trustee obtained a bankruptcy court order extending the time to object to the Debtor's discharge, and the Debtor moved to convert her case from chapter 7 to chapter 13. The bankruptcy court denied the Debtor's conversion motion in an order from which she also appeals. We dispose of that appeal in a separate memorandum decision.

Trustee's opposition to her concurrently pending motion to convert and included some argument in support of her claimed exemptions in that document (the "Response"). In the Response, Gerges, on behalf of the Debtor, personally attacked the Trustee and broadly alleged dishonesty, questioned his alleged valuation of estate assets, and more specifically alleged that the Trustee sought recovery of estate assets only for personal gain. Gerges concluded with an unsupported, but less bombastic, assertion that the Debtor was entitled to claim an enhanced homestead exemption on account of her age and because she was legally disabled.

Prior to the hearing on the Trustee's Motion, the bankruptcy court issued a tentative ruling,[4] indicating its intent to sustain the Trustee's objections and grant his requested relief. The ruling noted the Debtor's failure to supply evidence showing that she was entitled to the enhanced homestead exemption based on disability and agreed that an inoperable pickup truck could not be used in the operation of the debtor's business. The ruling concluded by asking how the Debtor wished to allocate her undisputed $2,900 vehicle exemption.

Only the Trustee appeared at the hearing, and the bankruptcy court granted relief consistent with its tentative ruling. Having received no input from the Debtor regarding allocation of the vehicle exemption, the bankruptcy court

---

[4] The September 3, 2014 tentative ruling is not in the record. It was instead obtained from the bankruptcy court's website: http://www.cacb.uscourts.gov/.

allowed the Debtor additional time to make an election but also stated that, unless the Debtor timely designated otherwise, it would allocate the exemption to the SUV.

The subsequent order provided relief consistent with the bankruptcy court's oral ruling; because the Debtor took no position on allocation of the vehicle exemption, the exemption attached to the SUV. The order also required that the Debtor turn over possession of the Vehicles and the tax refund to the Trustee. The Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B), (E), and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES[5]

1.    Whether the bankruptcy court erred when it sustained the Trustee's objections to the claimed exemptions.

2.    Whether the Trustee overvalued estate assets.

3.    Whether the bankruptcy court erred when it extended the Trustee's time to object to the Debtor's discharge.

## STANDARDS OF REVIEW

As a question of law, we review de novo the right of a debtor to claim an exemption. Elliot v. Weil (In re Elliott), 523 B.R. 188, 191 (9th Cir. BAP 2014). A bankruptcy court's findings of fact as to a claimed exemption, however, are

_____

[5]    The Debtor also argues that the bankruptcy court abused its discretion in extending the deadline to object to exemptions. Not only did the Debtor fail to raise this issue before the bankruptcy court, it is beyond the scope of the order on appeal. Therefore, we do not further address the issue.

5

reviewed for clear error. Id. A finding of fact is clearly erroneous if illogical, implausible or without support from inferences that may be drawn from facts in the record. See Trafficschool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We review for an abuse of discretion the bankruptcy court's decision to grant a timely motion to extend the time for filing a complaint objecting to the debtor's discharge. See Willms v. Sanderson, 723 F.3d 1094, 1103 (9th Cir. 2013). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its factual findings are clearly erroneous. Shahrestani v. Alazzeh (In re Alazzeh), 509 B.R. 689, 692 (9th Cir. BAP 2014).

**DISCUSSION**

The reasons offered by the Debtor for her failure to oppose the Trustee's Motion are conflicting. In her brief on appeal, the Debtor contends that she "did not oppose . . . since she had raised the same issues" in the Response. Apl't Op. Br. at 14. But, at oral argument, the Debtor asserted that neither she nor her counsel had notice of the hearing (or, by extension, the Trustee's Motion). As a result, they did not oppose or attend the hearing and were unaware of the bankruptcy court's determinations until after the ruling.

As the Trustee pointed out, the record belies counsel's assertion. The proof of service attached to the Trustee's Motion evidences that the Debtor was served with the Trustee's Motion and notice of the related hearing at the Property via U.S. mail. In addition, pursuant to general orders and the

6

local bankruptcy rules for the Central District of California, Gerges was served electronically via the bankruptcy court's Notice of Electronic Filing. In both cases, service occurred on August 6, 2014 - approximately 26 days before the hearing. The allegation of a lack of notice or knowledge of the Trustee's Motion is simply untrue.

Against this background, most of the Debtor's arguments are presented for the first time on appeal. Even so, given the legal issues implicated and the fact that the record is fully developed, we exercise our discretion and briefly consider the Debtor's arguments. See Mano-Y & M, Ltd. v. Field (In re The Mortg. Store, Inc.), 773 F.3d 990, 998 (9th Cir. 2014).

**A. The bankruptcy court did not err in disallowing the Debtor's claimed exemptions.**

The Debtor argues broadly that the bankruptcy court erred by finding bad faith conduct or prejudice when it disallowed some of her claimed exemptions. Relying on Law v. Siegel, 134 S.Ct. 1188 (2014), she argues that a bankruptcy court may not disallow an amended exemption claim on the basis of bad faith conduct.

Unfortunately for the Debtor, however, the bankruptcy court disallowed the exemptions based on the Debtor's failure to provide evidence of entitlement to the state law exemptions she claimed. It did not disallow the exemptions pursuant to § 105(a), let alone make a determination of bad faith conduct or prejudice. Consequently, the Debtor's myopic focus on the ability to liberally amend exemptions and discussion of the impact of Law v. Siegel is inapt.

7

Further, after applying de novo review, we discern no error in the bankruptcy court's decisions to disallow or limit the claimed exemptions.

### 1. Partial disallowance of the homestead exemption in the Property.

California law provides for an enhanced homestead exemption in the amount of $175,000 to a person who is: (1) 65 years old or older; (2) "physically or mentally disabled who as a result of that disability is unable to engage in substantial gainful employment"; or (3) 55 years old or older with an annual gross income of no more than $25,000 (or $35,000, if married). Cal. Code Civ. P. § 704.730(a)(3)(A)-(C). These provisions are in the disjunctive; thus, a person qualifies for the enhanced homestead exemption if she meets any one of the three requirements.

Here, the bankruptcy court sustained the Trustee's objection because the Debtor failed to provide evidence that she qualified for an enhanced homestead exemption under any theory. After the Trustee called into question the enhanced homestead exemption claim, the burden shifted to the Debtor to provide evidence of entitlement. See In re Tallerico, 532 B.R. 774, 790-91 (Bankr. E.D. Cal. 2015) (extensive discussion on the evidentiary burdens as to California exemption claims). No one disputes that the Debtor was not 65; thus, she needed to provide evidence of a qualifying disability or evidence that her household's annual gross income fell below $35,000. Her schedules made clear that she did not meet the income requirement given her husband's income. She never provided

8

declaratory or documentary evidence of a qualifying disability.

The Debtor's schedules did evidence that she received workers' compensation benefits during the bankruptcy case, but not at the date of petition. Case authority makes clear that a qualifying disability must exist as of the date of petition. See Neff v. Denoce (In re Neff), 2014 WL 448885, at *8 (9th Cir. BAP Feb. 4, 2014); In re Rolland, 317 B.R. 402, 413, 419-20 (Bankr. C.D. Cal. 2004); In re Rostler, 169 B.R. 408, 411 (Bankr. C.D. Cal. 1994).

And, as Debtor's counsel acknowledged at oral argument, the showing of disability necessary for CCP § 704.730(a)(3)(B) is not per se equivalent to that required for receipt of workers' compensation under California law. The enhanced homestead exemption requires a disability that precludes "substantial gainful employment"; that term is defined as significant mental or physical work activity, done for pay or profit, in a competitive or self-employed position. In re Rostler, 169 B.R. at 412. There is a rebuttable presumption of an inability to engage in substantial gainful employment if the debtor receives social security or supplemental social income benefits. Cal. Code Civ. P. § 704.730(a)(3)(B). A qualifying workers' compensation disability, however, may be of temporary duration and based on a less than total disability that merely impairs the ability to work. Thus, evidence that the Debtor received post-petition workers' compensation benefits was not dispositive on the issue of whether she was precluded from substantial gainful employment as a result of disability; additional evidence on this point was required.

9

**2.    Disallowance of the exemption claim in the Truck.**

California law also provides for an exemption in "[p]ersonal property necessary to and used in exercise of trade, business or profession." Cal. Code Civ. P. § 704.060. A vehicle claimed under this exemption must be necessary to the debtor's trade, business, or profession. In re Rawn, 199 B.R. 733, 735 (Bankr. E.D. Cal. 1996).

Here, again, the bankruptcy court sustained the Trustee's objection because the Debtor failed to provide evidence that the Truck qualified for a California tool of the trade exemption. The Debtor failed to provide any evidence as to how she used the Truck, and the bankruptcy court was reasonably skeptical of this claim. It noted that the Debtor's schedules indicated that the truck was inoperable. Further, in the Response, the Debtor asserted that her non-debtor husband used the Motorcycle for work – not the Truck. Thus, there was no evidence in the record to support the Debtor's entitlement to a tool of the trade exemption under Cal. Code Civ. P. § 704.060.

**B.    Whether the Trustee overvalued estate assets.**

The Debtor also argues that the Trustee improperly inflated the values of the assets, so as to increase the equity available for liquidation, notwithstanding her claimed exemptions. Nothing in the record, however, evidences that the bankruptcy court made any valuation determinations. While emails between the Trustee and Gerges evidence a valuation dispute, that dispute never carried over to the bankruptcy court for adjudication. Indeed, the Trustee requested possession of the Vehicles for the purpose of subsequent valuation.

10

Further, given our conclusion that the bankruptcy court appropriately sustained the Trustee's objections to exemptions, whether he overvalued assets (which we do not determine) is ultimately irrelevant.

Finally, the equity issue in regards to the SUV is now irrelevant. During oral argument, Debtor's counsel disclosed, for the first time since case commencement and in contradiction to the Debtor's schedules, that the SUV was a leased vehicle. Both parties conceded that the leased SUV would not generate equity for the estate.

**C.   The bankruptcy court did not abuse its discretion in extending the deadline to file an objection to discharge.**

Finally, the Debtor argues that, given the absence of evidence of bad faith, there is no local rule, statute, or case authority that permitted the bankruptcy court to extend the time to object to the Debtor's discharge. Once again, we disagree.

Rule 4004 provides that a complaint objecting to a debtor's chapter 7 discharge must "be filed no later than 60 days after the first date set for the [§ 341(a)] meeting of creditors." That time may be extended, but the motion must be filed prior to the expiration of the 60-day date.

Here, the 60th day following the initial § 341(a) meeting was May 16, 2014. What the Debtor fails to mention on appeal is that the Trustee timely moved for and obtained an initial order from the bankruptcy court extending the discharge objection date to August 16, 2014. The Trustee then sought a second extension of the discharge objection deadline in the Trustee's Motion and

11

filed the Trustee's Motion prior to the extended deadline date.

Neither the Code nor the national rules nor the local rules nor case authority restricts or eliminates the bankruptcy court's authority to grant a second deadline extension when the request is timely. Nor does any authority limit the justification for an extension request to a debtor's bad faith.

Here, the second extension – an additional 90 days – was timely and neither unreasonable nor capricious. The Trustee stated, repeatedly, that his efforts to obtain additional, necessary information from the Debtor and Gerges were consistently thwarted. Nothing in the record suggests hyperbolic rhetoric on his part. We, thus, discern no abuse of discretion.

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court.